HARTNETT v. STILLWELL, administrator.

1. The legal title to real estate acquired by purchase with partnership funds, whether the title be taken to the individuals composing the partnership or to the partnership, is in the partners as tenants in common; but the equitable title to the real estate thus acquired is in the partnership.

2. The purchaser at an administrator's sale of a deceased partner's interest in land the title to which was in the partnership name acquired only the interest of the deceased partner in the land on a settlement of the partnership affairs. The proceeds of the sale belonged to the estate of the deceased partner and were not partnership assets.

3. Where the title to the land was taken in the individual names of the partners, an innocent purchaser at the sale of a deceased partner's interest by

his administrator would take such interest unencumbered by the secret equity of the partnership, and the proceeds of the sale could be recovered from the administrator by the surviving partner, if necessary to pay partnership debts.

4. But if the surviving partner becomes the purchaser at such sale, he will be estopped from claiming the proceeds of the sale as partnership property, and must look to the land itself as assets of the partnership subject to the payment of its debts.

Argued November 22,— Decided December 9, 1904.

Exceptions to auditor's report. Before Judge Reagan. Spalding superior court. January 21, 1904.

*Robert T. Daniel,* for plaintiff.

*T. E. Patterson* and *Lloyd Cleveland,* for defendant.

Evans, J.    W. H. Hartnett sued John F. Stillwell, as administrator of J. D. George, to recover five hundred dollars alleged to be due by reason of the following facts: Petitioner and J. D. George composed the firm of George & Hartnett.    Among the assets of the firm were two lots of land in the city of Griffin, one known as the White place and the other being a vacant lot on Solomon street.    George died, and Stillwell became his administrator, and, as such, sold a one-half interest in the White place and the vacant lot, as belonging to his intestate, and collected the proceeds, amounting to $455.90.    The firm was insolvent at the time of George's death, and the firm assets in the hands of petitioner as surviving partner are insufficient to pay the partnership debts.    The proceeds of the property sold by Stillwell as administrator of the deceased partner should be paid over to petitioner to be applied to the payment of debts of the firm.    The defendant in his plea denied the substantial averments of the petition; and the case was referred to an auditor.    When the case came on to be heard before the auditor, the defendant filed a demurrer to the petition and moved to dismiss the same, because no cause of action was set out.    The demurrer was sustained by the auditor, and he so reported.    Afterwards evidence was submitted before the auditor, and the uncontradicted evidence established the following facts: George and Hartnett were partners, doing a general merchandise business, and in the course of their business purchased a house and lot from W. R. and M. J. White, paying therefor with partnership assets and procuring the deed to be made to

John D. George and W. H. Hartnett.    They also purchased a
vacant lot on Solomon street from A. M. Elledge and paid there-
for with partnership funds, the deed to the last-mentioned lot
being made to George & Hartnett.    John D. George died, and
Stillwell became his administrator.    At the time of the death of
George the firm was insolvent.    All of the firm assets were ex-
hausted in the payment of partnership debts.    Stillwell, as the
administrator of George, sold a one-half interest in the vacant lot
to Dr. Drewry for $176.70, and a one-half interest in the White
place to W. H. Hartnett for $276.00.    These amounts were in-
sufficient to pay the debts of the firm of George & Hartnett.
Upon these facts the auditor found that the plaintiff had no lien,
in law or equity, on the money or proceeds in the hands of the
administrator, arising from the sale of the real estate, and that he
was not entitled to recover.    The plaintiff filed various exceptions
to the rulings of the auditor, which were overruled by the court,
and the report of the auditor was made the judgment of the court.
He excepts to the judgment of the court dismissing his exceptions
to the auditor's report.    It is not necessary to notice the various
exceptions to the auditor's report, and for this reason they are
omitted.    The question raised by the demurrer and the conclusion
of fact by the auditor are identical.    The evidence sustained the
petition, so that the controlling question in the case is the right
of the plaintiff to recover on the case he made.

The plaintiff's theory is that a surviving partner has a lien on
the fund in the hands of an administrator of a deceased partner,
arising from a sale by the administrator of the interest of the
deceased partner in partnership property.    Under the undisputed
facts as found by the auditor, the plaintiff neither had a lien on
the proceeds of the sale of the deceased partner's interest in the
lands sold by his administrator, nor was the plaintiff entitled to
recover such proceeds on any legal or equitable ground.    Real
estate received in payment of a partnership debt, whether the
title be taken to the individuals composing the partnership or to
the partnership, is to be considered at law as the property of the
partners as tenants in common, subject, however, to be sold and
the proceeds thereof brought into the partnership fund for the
payment of partnership debts and the settlement of balances as
between the partners.    Burnside *v*. Merrick, 4 Met. 537; Dyer *v*.

Clark, 5 Met. 562; Moran v. Palmer, 13 Mich. 377; Buchan v. Sumner, 2 Barb. Ch. 165; Collumb v. Read, 24 N. Y. 505; Putnam v. Dobbins, 38 Ill. 394. The legal title to the real estate acquired by purchase with partnership assets is in the partners as tenants in common, but the equitable title in the real estate thus acquired is in the partnership. *Bank of S. W. Ga.* v. *McGarrah*,. 120 *Ga.* 944. This equitable title is treated as personalty, and, on the death of one of the partners, the survivor may sell and dispose of the entire equitable interest in the land, and the purchaser may compel a conveyance from the heirs of the deceased partner. Civil Code, § 2649. The administrator of the deceased partner has an inferior right to the surviving partner to the possession and control of partnership real estate. A surviving partner has the right to the control and possession of the property of the firm, and the administrator or heirs of the deceased partner can claim only such of the partnership property as remains after the partnership debts are all paid. Valentine v. Wysor (Ind.), 7 L. R. A. 788, and cit. When the administrator of the deceased partner administered on the interest of his intestate and sold that interest, the purchaser acquired only the title which the administrator's intestate had. The doctrine of caveat emptor applies to administrator's sales, and purchasers at such sales acquire the intestate's title cum onere. This title was the interest of his intestate in the land on a settlement of the partnership affairs. *Dickenson* v. *Moore*, 117 *Ga.* 887. The proceeds of the sale represent the partner's individual interest in the land, and that interest, as we have seen, was the legal title subject to the sale of the land, if necessary, to discharge partnership obligations. It follows, therefore, that as to the vacant tract of land conveyed to the partnership as such, the surviving partner may, in a proper proceeding instituted against the purchaser at the administrator's sale, subject that tract to the payment of partnership debts. The deed to this vacant lot was taken in the name of the partnership, and when the administrator of the deceased partner undertook to sell his intestate's interest therein, the purchaser was chargeable with notice of the partnership character of the land. His title would be for no greater interest in the land than was owned by the administrator's intestate. Upon proof that the land so purchased was necessary to pay partnership liabilities, the surviving partner

could subject it to the payment of firm debts. All the purchaser acquired at this sale was the interest of the deceased partner, and that interest was what remained to John D. George after a settlement of the liabilities of George & Hartnett. The proceeds of the sale belong to the estate of the deceased partner and are no part of the assets of the partnership.

The title to the White lot was taken to the members of the partnership in their individual names as tenants in common. The deed did not disclose that it was partnership property or that it was purchased with partnership funds. An innocent purchaser at the administrator's sale would have acquired a good title as against the surviving partner, because the doctrine of caveat emptor does not extend to secret equities. Thus it was held in *Johnson* v. *Equitable Co.*, 114 *Ga.* 604, that "a bona fide purchaser at a sheriff's sale, who has paid the purchase-money without notice of an equity, will be protected against the same." If the purchaser of the White lot had been an innocent purchaser without notice of the partnership claim on the land, the purchase-money would be substituted for the land, and the administrator of the deceased partner would be liable to account to the surviving partner for the same. But the record discloses that the surviving partner was himself the purchaser. He was charged with knowledge of the nature of the title and the interest the partnership had in the land, and, by suffering it to be sold as the property of his deceased partner's estate and becoming the purchaser at that sale, he is estopped from now claiming the proceeds as partnership property.

There being no conflict in the evidence, the conclusion of the auditor that the plaintiff was not entitled to recover was right, and the court did not err in dismissing the exceptions to his report and making the report the judgment of the court.

*Judgment affirmed. All the Justices concur.*