## EMMETT & COMPANY et al. v. DEKLE et al.

1. To demur generally to a petition as presenting no cause of action is to plead to the merits of the case; and it is not error for the court to refuse to dismiss a petition on a subsequent motion of the demurrants on the ground that they have not been served with process.

2. Where a petition alleges that it is brought against a defendant as administratrix of a certain deceased person, alleges the death of her intestate, her qualification as such administratrix, and her consent to be sued within twelve months from her qualification, and prays the cancellation of certain mortgages executed by her intestate, and other relief against her as administratrix; and where service of a copy of the petition is acknowledged, and process, copy process, and service thereof, and twelve months exemption from suit are waived in an entry indorsed upon the petition and signed by one as attorney at law for such defendant as administratrix of such deceased person, such defendant as administratrix of her intestate is a party to the suit, notwithstanding that in the prayer for process her representative character is not stated.

3. A suit to cancel a mortgage on realty, executed by a partnership and the members composing the partnership, may be brought in the county of the residence of the administratrix of a deceased partner.

Argued January 7,—Decided May 13, 1909.

Equitable petition. Before Judge Rawlings. Emanuel superior court. May 24, 1908.

On March 31, 1902, R. L. Dekle, Lucy L. Morehead, W. J. Evans, and George P. Edenfield filed their equitable petition in the superior court of Emanuel county, against P. H. Emmett & Company, the Tattnall Investment Company, Lizzie V. Emmett, administratrix of the estate of P. H. Emmett, deceased, Wade B. Shrivall, and the Ellis-Young Company, all being residents of Emanuel county, except the Tattnall Investment Company, a corporation, and the Ellis-Young Company, which were residents of Chatham county. The allegations of the petition were substantially as follows: The firm of P. H. Emmett & Company, composed of P. H. Emmett and the Tattnall Investment Company, was formed for the purpose of producing and manufacturing naval stores, having its plant and place of business in Emanuel county. John R. Young and C. S. Ellis, both of Chatham county, were respectively president and secretary and treasurer of the Tattnall Investment Company. The amounts of indebtedness of the firm of P. H. Emmett & Company to the several plaintiffs are set forth, and it is alleged that this firm owes various other creditors several thousand dollars,

38

all of which indebtedness was created since May 9, 1899. P. H. Emmett having died on August 26, 1901, while a resident of Emanuel county, his widow, Lizzie V., qualified as his administratrix, and waived the twelve months exemption from suit allowed her by law. P. H. Emmett & Company, the estate of P. H. Emmett, and the Tattnall Investment Company are alleged to be insolvent. The Ellis-Young Company, of which John R. Young and C. S. Ellis are the members, hold a mortgage given by P. H. Emmett & Company to secure an alleged indebtedness of $11,000, and also to secure future advances, upon which it is claimed that there is due them the amount of $25,000, and are also the transferees of a mortgage made by P. H. Emmett & Company to Ellis, Young & Company to secure an alleged indebtedness of $10,500, on December 15, 1897, which mortgage shows no credit, and which the transferees claim is yet due. It is alleged on information and belief that this latter mortgage was given without any consideration, and for the purpose of defrauding and defeating certain judgments in existence against P. H. Emmett at the time of its execution. For nearly three years since the execution of the $11,000 mortgage P. H. Emmett & Company have shipped to the Ellis-Young Company their entire output of naval stores worth several thousand dollars, for which no credit has been made upon either of said mortgages, and the Ellis-Young Company refuse to explain what has been done with such shipments. Since the death of P. H. Emmett, the Tattnall Investment Company, through its officers, Young and Ellis, has, as surviving partner, taken charge of the property of the firm of P. H. Emmett & Company, through Wade B. Shrivall. Young and Ellis, representing, owning, and controlling the Tattnall Investment Company, have been disposing of all the property of P. H. Emmett & Company they possibly could, which has been acquired since the mortgage was made, and through Shrivall wasting, destroying, and removing out of Emanuel county all the property of this firm not embraced in the mortgages. The Ellis-Young Company have by virtue of a power of sale in these mortgages advertised all the property of P. H. Emmett & Company for sale on November 22, 1901, the property being of the value of $7,000; and the Tattnall Investment Company in collusion with the Ellis-Young Company, both of which are operated, controlled, and owned by the same parties,

are by these means striving to defeat the collection of any and all just demands of all parties against P. H. Emmett & Company. It is alleged that upon a proper accounting between the firm of P. H. Emmett & Company and the Ellis-Young Company there will be left sufficient property to pay at least fifty per cent. of the bona fide indebtedness of this firm, but if not restrained the Ellis-Young Company will waste, squander, and appropriate the whole amount. The prayers of the petition are: (1) for the appointment of a receiver to sell the property and dispose of the proceeds under proper orders of the court; (2) that the mortgages of the Ellis-Young Company be brought into court and decreed to be null and void as being without consideration, and, if there was any consideration, that it be decreed to be paid; (3) that defendants be restrained from selling, appropriating, managing, controlling, or in any manner interfering with the property of P. H. Emmett & Company, and that all the defendants be enjoined from further management or control of this property; (4) for judgment against the firm of P. H. Emmett & Company as a partnership, and against the Tattnall Investment Company as a member of the firm, and Lizzie V. Emmett, administratrix of P. H. Emmett, deceased (de bonis testatoris), as individuals composing this firm, for the full amounts of plaintiffs' demands, and against the Ellis-Young Company, and John R. Young and C. S. Ellis, and that all these parties be served with a copy of this petition, and with process; (5) for such other relief as they may be entitled to; and (6) "that process may issue requiring said P. H. Emmett & Company, the Tattnall Investment Company, Ellis-Young Company, and Wade B. Shrivall and Lizzie V. Emmett to be and appear at the April term of the superior court," to answer this complaint. The process is headed "W. J. Evans et al. v. Lizzie V. Emmett et al. Complaint," and proceeds as follows: "The defendant, Lizzie V. Emmett et als., are hereby required," etc. The only entry of service is an acknowledgment thereof, with waiver of process, and the twelve months exemption from suit, signed "G. H. Williams, Atty. at law for Lizzie V. Emmett, Admx. of P. H. Emmett, decd.," dated November 19, 1901.

The defendants, P. H. Emmett & Company, the Tattnall Investment Company, "the surviving copartner of the said firm of P. H. Emmett & Company," the Ellis-Young Company, John R.

Young, and C. S. Ellis, by their attorneys, on April 1, 1902, filed their demurrer to the petition, upon the grounds, that it set forth no cause of action; that it showed no ground for injunction, receiver, or other equitable relief; that there is an ample remedy at law; that the petition on its face shows that the superior court of Emanuel county has no jurisdiction of the case, because no defendant against whom substantial relief, especially equitable relief, resides in that county, but all reside in Chatham county; that the date on which the alleged threatened sale, sought to be enjoined, was to take place was November 22, 1901, while the petition was not filed till April of the following year, long after it had taken place, and was therefore, as to its main features, too late; that the allegations of the petition were too vague, there being no statement as to the property alleged to be under mortgage, and no copy of either mortgage attached to the petition nor any reason alleged why it was not so attached; that the allegations of fraud were too vague and indefinite, and it was not alleged that plaintiffs were interested in the judgments against P. H. Emmett, mentioned in the petition; and that the petition was vague and uncertain as to parties.

After filing the petition W. J. Evans and George P. Edenfield withdrew from the cause, leaving R. L. Dekle and Lucy L. Morehead as plaintiffs. Under an agreement between counsel the demurrer came on to be heard before Judge Rawlings on December 30, 1907, at which time two amendments to the petition were presented and allowed. The first of these amendments alleged, that Mrs. Emmett, John R. Young, and C. S. Ellis collusively took possession and control of the entire estate of P. H. Emmett & Company, in Emanuel county, consisting of described lands and personalty, of the value of $16,000, and, under the pretense that the mortgage referred to in favor of the Ellis-Young Company covered this property and was a valid lien on the same, sold this property under their mortgage, bought it in themselves, and converted it to their own use, when in fact this mortgage did not cover such property; that all this property is still in the estate of P. H. Emmett & Company, but by the acts referred to has been placed out of the reach of petitioners and the other creditors of P. H. Emmett & Company; that the administratrix is only under a small bond, not sufficient to cover this property, and the

"defendants, jointly and in collusion with each other, having converted said property to their own use in manner and form aforesaid, are jointly liable to your petitioners for their respective sums against the said P. H. Emmett & Co.;" that in legal contemplation the firm of P. H. Emmett & Company consisted of C. S. Ellis, John R. Young, and P. H. Emmett, for the reason that the Tattnall Investment Company, which it was claimed was the "Company," had for several years prior to the formation of this firm been extinct, Ellis and Young being respectively its president and secretary and treasurer, and the business was carried on and operated by these three persons, and for this reason they had no right to dispose of the assets of the firm in the manner and form stated; and that the consideration of the notes sued on was turpentine timber sold to P. H. Emmett & Company, of which defendants got the full benefit, and in equity and good conscience they are liable to petitioners to the value of the same. The prayer of this amendment is for such judgment and decree as the pleadings, evidence, and the law of the case may authorize. The second amendment alleges, that P. H. Emmett as an individual, and the Tattnall Investment Company as a corporation, formed the partnership of P. H. Emmett & Company, and because a corporation was one of the partners the contract of partnership was contrary to public policy, null and void, and in equity Ellis and Young (being the members of the Tattnall Investment Company) and P. H. Emmett constituted the firm of P. H. Emmett & Company, and are therefore liable individually for the amounts due thereon; that equitably all the creditors of P. H. Emmett & Company are entitled to share in the assets of the firm ratably, regardless of liens, mortgages and conveyances made by this firm to any creditors; and that if Ellis and Young are not partners of that firm and individually liable as such, they can only share ratably with the other creditors as members and stockholders of the Ellis-Young Company, these mortgages being null and void in legal contemplation. The method by which the property was sold is attacked, it being alleged that the power of sale in the mortgage signed by P. H. Emmett & Company was revoked by the death of P. H. Emmett, and that Lizzie V. Emmett, as the administratrix of P. H. Emmett, deceased, had notice of its illegality and, with such knowledge, procured, aided, and acquiesced therein.

Copies of the notes representing petitioners' indebtedness are at-
tached, and also of the two mortgages, and a deed made by the
Ellis-Young Company to John R. Young, by virtue of the sale
under the power. These mortgages and this deed are alleged to
be void, and it is prayed that they be delivered up and canceled.
After the allowance of the amendment, the defendants who orig-
inally filed their demurrer (except John R. Young, who has since
died) renewed their demurrer and moved "to dismiss the case as
amended, because these defendants are not served with process, or
made parties, or legally brought into court. And also upon all
the ten grounds set forth in the original demurrer filed by defend-
ants." Upon this motion to dismiss the court endorsed the fol-
lowing order: "The within motion not having been filed till
Dec. 30th, 1907, the date when said demurrer therein referred
which was filed April.21st, 1902, the same is hereby overruled as
coming too late, said general and special demurrer having been
filed several terms of said court previous to said motion, being
equivalent to a waiver of service or any defect in the service."
Defendants complain of the refusal to sustain their demurrer and
the motion to dismiss.

*Adams & Adams,* for plaintiffs in error.

*Williams & Bradley,* contra.

EVANS, P. J. (After stating the foregoing facts.)

1. At the appearance term the plaintiffs in error demurred
generally and specially to the petition. To demur generally to a
petition as presenting no cause of action is to plead to the merits
of the case. Appearance and pleading to the merits amount to a
waiver of process and service, and by demurring generally these
particular defendants were properly before the court. They could
not invoke the judgment of the court upon the sufficiency of the
petition, unless they were to be bound by such judgment. The
court very properly refused to dismiss the case because the plain-
tiffs in error had not been served with process. *Lyons.* v. *Planters
Bank,* 86 *Ga.* 485 (12 S. E. 882, 12 L. R. A. 155); *Dykes.* v.
*Jones,* 129 *Ga.* 99 (58 S. E. 645).

2. The two defendants residing in the county where the suit
was brought were Wade B. Shrivall and Mrs. Emmett. Shrivall
was only a nominal party, and was never served. The plaintiffs
in error insist that Mrs. Emmett was not a party to the suit, either

individually or as administratrix of the estate of P. H. Emmett. The original petition began with the allegation that petitioners complained against Lizzie V. Emmett, administratrix of P. H. Emmett, deceased, and the other defendants therein named. Her qualification as administratrix of P. H. Emmett was alleged to have occurred within twelve months of the contemplated filing of the suit, and it was further alleged that she "as such administratrix has waived the exemption of twelve months from her qualification from suit in the case herein made and presented, and she is a resident of the county of Emanuel." It is alleged that the mortgage executed by her intestate is fraudulent and void, for the reasons stated. The prayers of the petition include those for a judgment (de bonis testatoris) against her as administratrix of P. H. Emmett, and for a cancellation of the mortgage of P. H. Emmett & Company to the Ellis-Young Company. Her attorney acknowledged service as follows: "Service of a copy of the within petition acknowledged, process and copy process and service thereof waived, and Lizzie V. Emmett, admx., hereby waives the 12 months exemption from suit as such administratrix. Nov. 19th, 1901. [Signed] G. H. Williams, Atty. at law for Lizzie V. Emmett, Admx. of P. H. Emmett, decd." The prayer for process against the several defendants included Lizzie V. Emmett, without describing her representative character; but as no relief was prayed against her individually, her citation to court in the process would be to answer the suit served on her. At most it would be but an irregularity in the process, and one she could not take advantage of after she had specifically acknowledged service of a copy of the petition, and waived process, copy process, and service of process.

Our attention is called to the cases of *Seisel* v. *Wells*, 99 *Ga.* 159 (25 S. E. 266), and *Clayton* v. *Farrar Lumber Co.*, 119 *Ga.* 37 (45 S. E. 723), as maintaining a contrary view. In the first-cited case a petition was filed against several defendants, but process was prayed against only two. The clerk attached process against all. Those defendants against whom there was no prayer for process acknowledged service of the petition. This court held, that the clerk had no authority to annex to a petition a process requiring the appearance of persons against whom there was no prayer for process; and that a mere acknowledgment of service upon a petition, and a waiver of service of the same, is not a

waiver of process or prayer for process. The other cited case is to the same effect. In the instant case, not only was process prayed against Lizzie V. Emmett, but as administratrix of P. H. Emmett she specifically waived process, copy process, and service thereof. We think that Lizzie V. Emmett as administratrix of P. H. Emmett was a party defendant.

3. Counsel for plaintiffs in error state in their brief that their chief contention is that the case ought to have been dismissed, because the superior court of Emanuel county was without jurisdiction. If Mrs. Lizzie V. Emmett, as administratrix of P. H. Emmett, deceased, was a necessary and proper party against whom substantial equitable relief was prayed, then Emanuel superior court had jurisdiction of the case. It was charged that the Tattnall Investment Company and the estate of P. H. Emmett were insolvent, and that the assets of P. H. Emmett & Company were covered by apparent liens which would more than exhaust them; and it was only by invoking the aid of equity to set aside these liens and the sale thereunder which was alleged to be fraudulent, and by an accounting between the creditors, that a judgment either against the firm or its individual members could reach its assets. These mortgages were signed both by the partnership and the members of the firm as individuals, and the administratrix of the deceased partner was a necessary party to a proceeding in equity to set them aside. These mortgages were not only upon personalty, but also upon realty. The legal title to this real estate was not in the partnership, but in the partners as tenants in common (*Hartnett* v. *Stillwell,* 121 *Ga.* 386 (49 S. E. 276, 104 Am. St. R. 151)), and the representative of the estate of a deceased partner would therefore be a necessary party to a proceeding to set aside a mortgage upon such real estate, signed not only by the partnership, but also by her decedent. Again, the contract of partnership between P. H. Emmett, an individual, and the Tattnall Investment Company, a corporation, was void, since the power to form a partnership is not one of those which is common to all corporations, but is wholly inconsistent with the scope and tenor of the powers expressly conferred, and the duties imposed upon a corporation in the absence of such permission in the charter. *Gunn* v. *Central R.,* 74 *Ga.* 509. Nor can the corporation as surviving partner here claim the legal right to administer the estate of the partnership.

since it is only through the interposition of equitable principles that either its rights or obligations as a partner can be enforced. Had this suit been brought in Chatham county, the representative of the estate of P. H. Emmett, deceased, would have been a necessary party. It was therefore perfectly proper to bring this cause in Emanuel county. There was no error in refusing to sustain this ground of the demurrer. The grounds of special demurrer were not argued in the briefs.

*Judgment affirmed. All the Justices concur.*