JAMES M. FIELD, plaintiff in error, *vs.* DAWSON A. WALKER, defendant in error.

NOTE.—Judge Walker being a party in this case, did not preside,

When a plaintiff as indorsee instituted suit on a promissory note, signed by three defendants as principal makers thereof, and one of the makers died pending the suit, and there being no legal representative of his estate before the court, but the case was proceeding against the living parties only, two of the defendants having filed the plea of *non est factum*, and offered themselves as witnesses under the statute of 1866, to prove that the dead party had no authority to sign their names to the note either as partners or otherwise: *Held*, that however it might have been, if the representative of the deceased party had been before the Court, so as to have bound the estate of the decedent by the judgment thereof: yet, as the case was proceeding only against the *living parties*, and the judgment to be rendered would only bind them, the defendants were *competent* witnesses against the plaintiff under the statute.

Complaint and motion for new trial. Decided by Judge MILNER. Murray Superior Court. April Term, 1867.

Walker brought complaint on promissory notes, against J. T. Field, James M. Field and S. E. Field as makers, and Robert McClure as security. James M. and S. E. Field plead *non est factum.*

The verdict was for $1300.00, with interest and costs.

Several points were made during the trial, but none of them are material to the report of this case, except as follows:

Field *vs.* Walker.

James M. Field and S. E. Field were offered as witnesses to testify that Jeremiah T. Field was not authorized by them, or either of them, to sign their names, or the name of either of them to said notes, and that no partnership ever existed between them, or either of them, and J. T. Field for any purpose whatever. It being conceeded that J. T. Field signed the notes and was dead, the Court refused to allow them to testify as to deceased's said authority. Deceased's representative was not a party to the case.

Upon this (and other grounds,) said James M. Field moved for a new trial. The Judge refused the new trial, and this is assigned as error.

W. H. DABNEY and J. A. JOHNSON, for plaintiff in error.

C. D. McCUTCHINS, for defendant in error.

WARNER, C. J.

This was an action brought by the plaintiff in the Court below as the indorsee of a promissory note, against J. T. Field, S. E. Field, J. M. Field as principal makers thereof, and Robert McClure security. Pending the suit, J. D. Field died, and there was no representative of his estate before the Court at the time of the trial. The case proceeding against the other defendants, two of whom, (to-wit,) S. E. Field and J. M. Field, had filed the plea of *non est factum.* On the trial of the case, the two last named defendants were offered as witnesses in their own behalf under the statute, to prove that J. T. Field had no authority from them as partners, or otherwise, to sign their names to said note. Their evidence was rejected by the Court, on the ground that J. T. Field, one of the parties to the note, was dead. This ruling of the Court was excepted to, and is now assigned for error here.

The decision of this question requires us to give a construction to the Act of 1866, embraced in the 3798th section of the Revised Code. By the general enacting clause of the Act, it appears to have been the intention of the Legislature, to make *all parties* to any suit pending in Court, *competent*

34

witnesses, unless they shall come within the *exceptions* provided by the Act. One of the exceptions provided by the Act is, " where one of the original parties to the contract, or cause of action in issue, or on trial, is dead," in that case, " the *other party* shall not be admitted to testify in *his own favor.*" If two parties make a contract, and afterwards one of them dies, and the terms or validity of that contract shall be in issue or on trial before the Court, the other living party to that contract cannot be a witness in *his own favor.* The obvious reason of the exception is, that the living party to the contract shall not be permitted to testify in his own favor, as to the terms or conditions of that contract, when the voice of the other party is hushed in death, and *cannot be heard.* Now, how did the parties stand in this case towards each other in the Court below ? The plaintiff stood on one side prosecuting his claim against the living defendants, S. E. Field, J. M. Field, and Robert McClure. J. T. Field's representative was not before the Court, if indeed he had any, and his estate could not in any manner be affected by the judgment to be rendered in the case. The parties then who were litigating the contract, or cause of action in issue, or on trial before the Court, whose rights were to be affected by the judgment were all in life, and competent witnesses against each other under the Act. The plaintiff was a competent witness against the *living* defendants, (and none others were before the Court,) and the defendants were competent witnesses against the *living* plaintiff. If the representative of J. T. Field had been a party before the Court, and the effect of the evidence offered had been to exonerate S. E. Field and J. M. Field from liability by their own testimony, and to make the dead man's estate liable for the whole debt, then there might have been some reason for rejecting their evidence, for the issue on trial then would have been, whether his estate should pay the whole debt or only one-third part of it. Those only who were interested in protecting the dead man's estate from the effect of the evidence offered, as to his acts while in life, touching the contract, had the right to object to the evidence. The defendants could not be wit-

nesses in *their own favor,* to show that the dead man, J. T. Field had no authority from them while in life, to execute the note so as to make his estate liable for the whole debt.   If the representative of J. T. Field had been before the Court, he would have had the right to object to the evidence, because his intestate was one of " the original parties to the contract or cause of action in issue or on trial," and was dead. The effect of the evidence offered by S. E. Field and J. M. Field, was to exonerate themselves from liability to pay the note, and to make the estate of J. T. Field liable to pay the full amount of it; they would have been testifying in *their own favor* as to the contract, and *against* the interest of the dead man's estate.   But the representative of J. T. Field was not before the Court, and whatever might have been the judgment of the Court in this case, his estate would not have been bound by it.   The parties litigating before the Court, and who would have been bound by its judgment, were all *living,* both the plaintiff and the defendants, and were therefore *competent* witnesses under the statute, for and against each other.   Let the judgment of the Court below be reversed.