## BRYAN *vs.* TOOKE *et al.*

1. When the partner who signed the firm name to the note sued on is dead, his co-partner, pleading *non est factum,* is a competent witness as against the plaintiff, to prove the signature unauthorized and for what the note was given, though he would be incompetent as against the representatives of the deceased.
2. Where the note was given in renewal of another made by the same partner who signed the last, which, itself, was in renewal of a note by a different firm of which the signer had been a member, upon a plea of *non est factum* by the co-partner, the *onus* of showing authority to sign is on the plaintiff.

Partnership. Witness. Contracts. Before Judge CRISP. Houston Superior Court. November Term, 1877.

To the report contained in the decision it is only necessary to add that two of the grounds in the motion for new trial were as follows :

(1.) Because the court allowed Dennard (the partner pleading *non est factum*) to testify as to matters which occurred prior to the death of Parr, (the partner who signed the note), over objections of plaintiff.

(2.) Because the court charged " that Bryan should have conferred with Dennard and got his consent before he took the note, or before he could bind Dennard," and refused to charge that if the firm allowed Parr, as their general agent, to commit a fraud on plaintiff, they would be bound.

C. C. DUNCAN, for plaintiff in error.

ELI WARREN ; H. M. HOLTZCLAW, for defendant.

WARNER, Chief Justice.

The plaintiff brought this action on a promissory note for the sum of $4,673, payable to the order of the plaintiff, dated 11th of January, 1875, and due twelve months after date, with ten per cent. interest, which note was signed " Tooke, Parr & Dennard." The defendant Dennard pleaded

*non est factum*, and alleged that the note sued on was not signed by him, nor was the same signed with his knowledge, consent, or authority; that said note was given in renewal of a debt due to the plaintiff by Tooke & Parr, or by Tooke & Cooper, for which this defendant, nor the partnership of which he was a member, was in any way liable, the firm name of Tooke, Parr & Dennard having been signed to said note by D. W. Parr unlawfully and without authority, the firm not being interested in said debt, nor liable therefor. Upon the trial of this issue, the jury found a verdict for the defendant Dennard. The plaintiff made a motion for a new trial on the several grounds therein stated, which was over-ruled, and the plaintiff excepted.

The action was brought against Tooke and Grice, adminis-trator of Parr (the latter being dead), and Dennard. It ap-pears from the evidence in the record, that in the year 1873 the Houston Cotton Factory was owned by Tooke & Parr as partners, that previous to 1873 the factory was owned by Tooke, Cooper & Co.; that on 8th day of April, 1874, written articles of copartnership were entered into betwen Tooke, Parr, and Dennard, who became the owners of the factory; that the note sued on was given in renewal of another note which itself had been renewed, that is to say, the first note was given to the plaintiff for cotton sold in 1872 or 1873 to Tooke, Cooper & Co., by Tooke & Parr, which note was re-newed in January, 1874, by Parr's signing the firm name thereto of Tooke, Parr & Dennard, before the latter co-part-nership was formed, and for a debt not created by it; that this last mentioned note was again renewed by Parr's execut-ing to the plaintiff the note now sued on, all of which was done without the knowledge of Dennard, so far as the record discloses. The plaintiff knew that Tooke and Parr were broke at the time of the renewal of the notes by Parr in the co-partnership name of Tooke, Parr & Dennard, and also knew that Dennard was solvent.

" There was no error in allowing Dennard to testify at the trial, in relation to matters occurring prior to the death of

Parr, he being dead—so far as the plaintiff in the action was concerned, the administrator of Parr not objecting to his testimony. If the administrator of Parr had objected to the competency of Dennard as affecting his intestate's estate, his testimony could not have been received, for the reasons stated in *Field vs. Walker*, 36 *Ga.*, 520. But the administrator of Parr did not object to the competency of Dennard as a witness, and the plaintiff had no legal right to object for him.

2. The defendant Dennard having denied by his plea of *non est factum* the execution of the note so far as he was concerned, and it appearing from the evidence that the note sued on was executed by Parr in the firm name of Tooke, Parr & Dennard before that co-partnership was formed, and in renewal of a debt created by another firm for cotton sold to that other firm of which Dennard was not a partner, it was incumbent on the plaintiff to have rebutted this *prima facie* proof to the satisfaction of the jury, by showing that the note sued on was his act and deed and executed by his authority, which it appears, from their verdict, he failed to do. In view of the evidence contained in the record, we find no error in the charge of the court to the jury, or in refusing to charge as requested. Whether the new firm of Tooke, Parr & Dennard is equitably bound to pay the debts of the old firm of Tooke & Parr upon a proper case being made to try that question is one thing—but whether Dennard is liable on a note sued on as a partner of that firm, under the pleadings and evidence in this case, is another and quite a different thing. There was no error in overruling the plaintiff's motion for a new trial.

Let the judgment of the court below be affirmed.