LANGFORD vs. THE COMMISSIONERS OF WILKINSON COUNTY.

1. Where an auditor made a report, and on exception the court remanded the case for another hearing, on the ground that the auditor had excluded a witness who was competent, and upon another hearing before the auditor, the testimony was admitted and exceptions again taken, the case was still *in fieri*, and it was competent for the court to alter its former ruling and hold the witness incompetent.

2. Where a county proceeded against its tax collector by issuing executions against him and his sureties for a balance of money alleged' to have been collected and not paid, and the collector defended by affidavit of illegality, alleging payment, he was not a competent witness to prove that he made such payment to the county treasurer, who had since died.

January 26, 1886.

Auditors.    Practice in Superior Court.·    County Matters. Witness.    Evidence.    Before Judge LAWSON.    Wilkinson Superior Court.    April Term, 1885.

Reported in the decision.

J. W. LINDSAY, by brief, for plaintiff in error.

F. CHAMBERS, by brief, for defendants.

JACKSON, Chief Justice.

The county of Wilkinson sued its tax collector by issuing execution against him and his sureties for balance of money collected and not paid. The tax collector defended by affidavit of illegality, stating therein that he had paid all collected, whereupon, issue being joined on the truth of this affidavit, the accounting. was referred to an auditor. When first referred, the auditor ruled out the testimony of the tax collector, because the county treasurer, to whom he swore the money was paid, was dead; and the court, on exceptions thereto, reversed that ruling, and directed that the tax collector be sworn as a competent witness. When remanded to the auditor, he allowed the testimony, and

reported that the money had been paid, under the evidence of the tax collector. Exceptions were taken again to the competency of the collector as a witness; the court held him this time incompetent, reversing the auditor, and rendering judgment, as found in the first report, for the county and against the collector; and on this judgment, error is assigned here.

1. When the report was remanded to the auditor for another hearing, and until final judgment in the superior court, the cause was *in fieri*, and it was competent for the superior court to alter an interlocutory opinion on a question of the competency of the witness. Had the trial been before a jury in the superior court, the judge could alter his opinion on such a question at any time pending the trial, until final verdict; and after verdict, on a motion for a new trial. So of any such ruling pending the cause on trial before an auditor—on sittings before that officer; the court, before final disposition of the case, may alter its opinion, and give another judgment and direction; or if the legal point controlled the case, enter judgment according to the true law of competency or incompetency.

We do not think that such a ruling on the competency of a witness, when first made, should be necessarily then excepted to, and if not, the court below could not correct its own error before the case was concluded before it.

There is hardly an assignment of error so plainly alleged as the statute requires in the bill of exceptions, on the point just considered; but as counsel for plaintiff in erro argued the point, we have ruled upon it, though we are not sure the court below did, or that the error is assigned as specifically as the statute requires.

2. The witness is incompetent. The agent, who acted for the county, and alone represented the county in the cause of action, to-wit, the payment of the money to the county, is the county treasurer. He was dead, and the mouth of the county was sealed touching what passed between it and its tax collector, when the mouth of its treas-

urer was sealed in death. This court has repeatedly held that, when the agent of a corporation, acting for it in any transaction, is dead, the other party to that transaction cannot be heard to testify about it, unless, at all events, he would have been a good witness before the act allowing parties to testify. The tax collector is the party in interest, and in the case at bar, his testimony would win the case for him; the county is the other party; it is dead—still as death—touching this issue of payment to its treasurer, when that treasurer died. So that, as well as the law, the reason and spirit of that law, closes the living mouth that can never be confronted with the voice of the dead. 71 *Ga.* 458–60–61; 72 *Id.*, 143; 65 *Id.*, 406, 580; 66 *Id.*, 139; 63 *Id.*, 410; 67 *Id.*, 675; 59 *Id.*, 342; 52 *Id.*, 640.

Judgment affirmed.