JOHNSON *et al. vs.* HART *et al.*

According to the principle of *Doerflinger vs. Nelson*, 76 *Ga.* 101, one of the makers of an absolute note under seal is not a competent witness to prove that when it was delivered to the attorney (now deceased) of the payees, neither of the payees being present, there was a parol understanding with the attorney that unless the payees did certain things, the note was not to pass from the attorney to his clients, the payees, but was to be returned to the makers. The attorney with whom the transaction was had being dead, the party is incompetent to show what transpired between him and the attorney.

July 31, 1889.

Deeds. Contracts. Witness. Attorney and client. Before Judge LUMPKIN. Warren superior court. October term, 1888.

William and Absalom Hart brought an action of complaint against C. L. Johnson and W. R. D. Johnson on a promissory note, which contained a mortgage clause conveying certain land to secure it. Defence was made by plea of the general issue, and an equitable plea in substance as follows: Certain lands, the purported consideration of the note, were put up and exposed for sale by the sheriff under a mortgage *fi. fa.* in favor of Samuel Hart against V. A. Abbott. C. L. Johnson's wife being an heir at law of the estate of Samuel Hart, C. L. Johnson bid in the land for her, expecting the purchase price to be credited on his wife's interest in the estate, but this seeming fair arrange-

ment was not agreed to by the executors thereof, Wm. and Absalom Hart, and consequently there was no sale. C. S. DuBose, the attorney for the executors, suggested to defendants that he could arrange the matter satisfactorily to both them and his clients, and drew up the note sued on and requested defendants to sign it, with the view of submitting it to the plaintiffs and ascertaining whether they would render good and perfect title to the land and accept the note and mortgage as security for the purchase price, agreeing, as a condition precedent to the delivery of the note to the plaintiffs, that they should make to defendants a good and valid title to the land. Having confidence in him, they signed the note and left it in his hands, upon the express. understanding and agreement that it was not to be delivered to the plaintiffs until they should make to defendants a good and warranty title to the land. Soon afterwards, DuBose died; and defendants did not know that the plaintiffs were in possession of the note until shortly before this suit was brought. No deed has ever been made by them to defendants, who have never been in possession of the land nor derived any benefit therefrom. The consideration of the note failed; the condition precedent to its delivery to the plaintiffs was not complied with. Though defendants urge that they are not liable at all, yet they ask, should the court find for the plaintiffs, that it will equitably decree that they make defendants a good title to the land, and that the mortgage *fi. fa.*, if satisfied by the sale of the land, be delivered to them, and if not satisfied, that the same have the proper credit made upon it.

The judge of the county court (where the suit was brought) rendered judgment for the plaintiffs; and the defendants appealed to the superior court, where the note, with proof of its execution, was introduced for the

plaintiffs. W. R. D. Johnson testified that the note was never delivered to the Harts by defendants, that the land had never been in defendants' possession, and that they had no deed to it. The court withheld from the jury the further evidence of this defendant in support of the allegations of the plea as to the agreement with DuBose, on the ground that DuBose was dead; and this is the error assigned in the motion for a new trial, which was made upon the rendition of a verdict for the plaintiffs. It was overruled, and the defendants excepted.

E. P. Davis, for plaintiff.

James Whitehead, *contra.*

Bleckley, Chief Justice.

The note sued upon was under seal, purported to be for value received, and was absolute in its terms. The court ruled that one of the makers was an incompetent witness to prove a parol condition agreed upon between the makers and the attorney of the payees, to whom the note was delivered, that condition being to the effect that unless the payees did certain things, the note was not to be delivered to them by their attorney, but was to be returned to the makers. The ground on which the witness was ruled incompetent was, that the attorney was dead. This ruling is within the principle of *Doerflinger vs. Nelson,* 76 *Ga.* 101, and is supported more or less directly by *Odom vs. Gill,* 59 *Ga.* 180; *Langford vs. Com'rs, etc.,* 75 *Ga.* 502, and *Parish vs. Weed Co.,* 79 *Ga.* 682. Although the payees are alive, it is not shown that either of them was present when the alleged transaction was had with their attorney, or that they had any personal knowledge on the subject.

v 82-49

The only witness, therefore, who could have made any reply to the evidence offered, was the attorney, who was dead at the time of the trial.

Judgment affirmed.