WOODSON *v.* JONES.

1. Under the evidence act of 1889, the maker of a negotiable promissory note is a competent witness in his own favor to prove payment thereof to the payee before the note was transferred, although the payee has since died, the action being by the indorsee of the note, and the personal representative of the payee not being a party thereto on either side.
2. The rule that the grounds of objection to evidence which were urged at the trial must appear, applies to this case. There was no error in denying a new trial.
   November 6, 1893.

Action on note. Before Judge WESTMORELAND. City court of Atlanta. March term, 1893.

KING & ANDERSON, for plaintiff.
ALEX. C. KING, for defendant.

SIMMONS, Justice.

W. D. Woodson sued Jones upon his promissory note, payable to the order of C. D. Woodson and by him indorsed to the plaintiff. The defendant pleaded the general issue, and payment to C. D. Woodson, and that the note was not the property of the plaintiff. There was a verdict for the defendant, and the plaintiff made a mo-

tion for a new trial, which was overruled, and he excepted. It is complained that after it was shown that C. D. Woodson, the original payee, was dead, the court below, over the objection of the plaintiff, permitted the defendant to testify in his own behalf to transactions solely between himself and the deceased payee, to wit: that he paid the note to the latter, after its maturity and before it was transferred to the plaintiff, without requiring its surrender and without taking any receipt. This testimony, it was contended, was illegal and inadmissible, under the evidence act of 1889, section 1, subsections (a), (b), by which it is provided that "where any suit is instituted or defended by a person insane at time of trial, or by the personal representative of a deceased person, the opposite party shall not be admitted to testify in his own favor against said insane or deceased person, as to transactions or communications with such insane or deceased person"; and that "where any suit is instituted or defended by partners, persons jointly liable, or interested, the opposite party shall not be admitted to testify in his own favor as to transactions or communications solely with an insane or deceased partner, or person jointly liable or interested, and not also with a survivor thereof." (Acts 1889, p. 85.) Clearly this case does not come within the letter of the provisions here quoted. The personal representative of the deceased payee was not a party to the action. The indorsee alone and in his own name and behalf appears as plaintiff, and the maker alone as defendant. The "persons jointly liable or interested" to whom the statute refers, if we construe it according to its letter, are such only as are parties to the suit. It may be true, as contended by counsel for the plaintiff in error, that a construction which would exclude this testimony would be in keeping with the spirit of these provisions and would tend more effectually to meet the evil at which

the statute is aimed; but the reply to this is, that the statute itself, in plain and positive terms, forbids any construction which would extend it beyond its letter. After setting out at some length various exceptions to the general rule of competency laid down in section 3854 of the code, which are established in lieu of those provided for in paragraph 1 of that section and are intended to cover and define the cases where transactions or communications with deceased or insane persons are excluded, the statute concludes by directing that "there shall be no other exceptions allowed under this paragraph, by any court, than those herein set forth." The prohibition which the legislature was thus careful to address to the courts was clearly directed against the very thing we are·asked in this case to do, namely, to extend the terms of the statute by construction, so as to include exceptions not strictly within its letter. See *Gress* v. *New Ebenezer Asso'n*, 89 *Ga.* 125 (3). It is not contended that the testimony complained of is rendered incompetent by any provision other than those cited. We are therefore constrained to hold that the court did not err in admitting it.

Other exceptions by the plaintiff in error to the admission of testimony need not be considered, inasmuch as it does not appear what grounds of objection were urged at the trial. The evidence warranted the verdict, and there was no error in denying a new trial.

*Judgment affirmed.*