*Tol. Y. Crawford, solicitor*, contra.

---

### RUCKER *v.* THE STATE.

*Lumpkin, J.*—1. A ground of a motion for a new trial assigning error upon the admission of a portion of the evidence of a named witness, viz: "the part thereof pertaining to the confession of the defendant, . . as set forth by brief of evidence," and which does not otherwise designate the evidence objected to, presents no question for consideration by this court. In alleging error upon the admission of evidence, it is essential, not only to state the ground of objection taken when the evidence was offered, but also to set out in the motion for a new trial, or the bill of exceptions, as the case may be, the evidence itself which was complained of as inadmissible.

2. The *corpus delicti* was duly proved, and the confession of the accused was sufficiently corroborated to authorize his conviction.　　*Judgment affirmed.*

July 29, 1895.

Indictment for larceny. Before Judge Reese. Hart superior court. March term, 1895.

Rucker, Evans and Craft were indicted for stealing a bale of cotton from McMullan. Rucker was tried and convicted, and his motion for a new trial was overruled. McMullan testified, that he lost a bale of cotton from his premises at the time charged, and never found it. It was missed about a week after it was taken. Defendant was familiar with the premises, and had lived on the place off and on for ten years. Shortly before the theft, defendant said to two persons that he could take a bale of cotton and McMullan would never miss it, as he had so many; and talked like he wanted these persons to go with him and take one. A few days afterward, at night, defendant met one of these two at the gate leading into McMullan's lot, and

asked him to stand there a while and watch for him, saying he had some fellows down the road waiting for him. The cotton was missed after this. About this time or soon after, a witness saw a square vacant place or hole in the straw-pen of Evans, about as large as a bale of cotton or larger, but saw no cotton or wagon tracks about the place. McMullan afterwards told defendant he had missed the cotton and believed he knew about it, and asked him to tell of it. One Norman, who was present, testified that Mc-Mullan said to defendant that it would be better for him to tell the truth about it; it would be lighter on him. McMullan testified that he did not say this at the time of the first disclosure by defendant, but some time afterwards and shortly before the trial. Defendant confessed, at the first time he was asked about it, that he and Evans and Craft went to the barn and took a bale of cotton, put it on a wagon and carried it to Evans' straw-pen; but he did not know what was finally done with it.

In addition to the general grounds, the motion for new trial alleged, that the court erred in admitting the testimony of McMullan and Norman, "the part thereof pertaining to the confession of defendant," over objection that the same was not freely and voluntarily made but induced by reward and benefit offered by McMullan, "as set forth by brief of evidence in said case." Also, that the confession was not sufficiently corroborated to justify a verdict of guilty.

*W. L. Hodges*, for plaintiff in error.
*W. M. Howard, solicitor-general,* contra.