### 3967.   WATERS, administratrix, *v.* HURST.

1. Where it appeared from the petition in a suit against an administratrix, that the suit was brought within twelve months from her qualification, and the petition failed to state that she waived the twelve months' exemption from suit, which the law allows to administrators, the allegations were not sufficient as basis for a recovery. An acknowledgment of service, without an express waiver therein of the twelve months' exemption from suit, and the fact that she did not appear or file a defense, did not authorize the judge to enter judgment against her as administratrix.

2. The decisions in *Baker* v. *Shephard*, 30 *Ga.* 706, and *Hill* v. *Julian*, 119 *Ga.* 607 (46 S. E. 834), are not controlling on this question. In those cases it was held that the twelve months' exemption was a personal privilege, for the security of the representative of the decedent, and if he allowed a judgment to be rendered against him during that period, a third person could not attack the judgment by setting up the exemption. In the present case the administratrix herself attacked the validity of the judgment, on the ground that the suit was premature.

                        DECIDED FEBRUARY 11, 1913.

Complaint; from city court of Sylvania—Judge Boykin. December 9, 1911.

*J. W. Overstreet,* for plaintiff in error. *E. K. Overstreet,* contra.

RUSSELL, J.   In the opinion of a majority of this court, the trial judge erred in overruling the defendant's motion to set aside the judgment, made during the term in which the judgment was rendered. We are led to this view by the fact that, while the twelve months' exemption from suit, which is accorded by law to representatives of estates of deceased persons, is, in a sense, a personal privilege, and may be expressly waived, a waiver can not be implied from a mere acknowledgment of service of a petition which does not contain an averment that there has been a waiver of the exemption. In our opinion, in order to permit the issuance of a valid judgment against an administratrix upon an action brought within the period of twelve months, it must appear from the

record that the statutory exemption from suit has been waived. The petition in the present instance was fatally defective as the basis of a judgment against the administratrix, unless she had appeared and pleaded, because it did not contain any reason why the plaintiff could maintain the action in total disregard of the Civil Code, § 4015, which forbids such suits.

If the defendant administratrix had entered upon the petition or incorporated in her waiver of service an express waiver of the twelve months' exemption from suit, the action, under the ruling in the case of *Emmett* v. *Dekle,* 132 *Ga.* 593 (64 S. E. 682), could have proceeded. But by acknowledging service she did not commit herself to the admission that the petition set forth a valid cause of action; and, not having subsequently appeared and pleaded, she is not estopped from contesting that it is a good cause of action. The acknowledgment of service can not be extended beyond its express terms. Certainly waiver of the statutory exemption from suit accorded by law to administrators and executors must be evidenced by some affirmative action on the part of such representative. It can not be implied. Nor is this right, while in a sense a personal privilege, identical with the personal element involved in the statute of limitations. Generally, the decision as to whether a defendant will plead or decline to plead the bar of the statute of limitations affects only himself, whereas an executor or administrator acts solely in a fiduciary capacity, and his acts in this respect affect not only creditors, but legatees and heirs at law.

*Judgment reversed.*

POTTLE, J., dissenting. I dissent from the judgment of the majority. Briefly stated, my view is this: I think the language of the Civil Code, § 4015, that "No suit to recover a debt due by the decedent shall be commenced against the administrator until the expiration of twelve months from his qualification," is not more mandatory than many other statutory provisions which are waived by the failure to appear and urge objection before judgment is rendered. For example, if an action were brought beyond the period fixed by the statute of limitations, and service duly perfected upon the defendant, the judgment against him would unquestionably be good, if he failed to appear and urge this objection. The language of many of the limitation statutes is equally as mandatory as that of the statute now under consideration. For in-

stance, an action on an open account "shall be brought" within four years. Civil Code, § 4362. All actions ex contractu as to which there is no special provision "must be brought" within four years. Civil Code,. § 4368. And there are many others of like import. In all these cases, failure to appear and object amounts to a waiver of the limitation, and a judgment will bind the defendant even though the petition shows on its face that the action was brought beyond the statutory period. This is conceded by my brethren, but they think an administrator stands on a different footing. Therein lies the difference between us.

The exemption allowed an administrator is for his personal protection. It has been expressly held that he may waive this exemption by consenting for the suit to be filed before the expiration of twelve months. This was held in the cases referred to by the majority. If he can expressly waive the exemption, it necessarily follows that a judgment against him within twelve months is not void. The failure to appear and plead, in my opinion, amounts to a waiver of the exemption. In my opinion, exemption is matter of defense, and affirmative proof of waiver is not an essential element of the cause of action. It often happens that an administrator can ascertain the condition of the estate before the expiration of the twelve months' exemption allowed him by law; and if he chooses to incur the risk of personal liability by suffering a judgment against him within this period, it is certain that third persons can not complain; and I do not think he should be allowed to set aside the judgment for a reason which he-could and should have urged against its rendition.