## CROZIER *v.* GOLDMAN, administrator, *et al.*

1. The verdict was contrary neither to the evidence nor to the law.
2. Ordinarily, the admission of irrelevant testimony is not cause for the grant of a new trial.
3. An instruction to the jury, which enables the plaintiff to recover on a theory other than that set out in his petition, is favorable rather than prejudicial to the plaintiff; and a new trial will not be granted on this ground.

No. 2780. MARCH 18, 1922.

Interpleader. Before Judge Shurley. Lincoln superior court. July 11, 1921.

This was a bill of interpleader filed by the Farmers State Bank against John Crozier Jr., and J. H. Goldman as administrator of Wilkes Goldman. On January 23, 1920, Wilkes Goldman deposited with this bank $1500, taking therefor its certificate payable six months after date. Wilkes Goldman died in 1920. On July 28, 1920, Crozier brought suit on this certificate against the bank. Crozier claimed that the money represented by said certificate was his property; that the deposit was made by his grandfather, Wilkes Goldman, who at the date thereof was very old and in a very poor state of health, and realized that he could live but a short time, and after making said deposit gave to him the certificate therefor, delivering it to him personally, but not indorsing the same, and telling him that the money represented thereby should be his property absolutely, in the event of the death of Wilkes Goldman, who instructed him to pay his funeral expenses out of said fund and keep the remainder as his own. Wilkes Goldman was in full possession of his mental faculties at the time of making this gift.

The administrator of Wilkes Goldman alleged that said certificate belonged to the estate of Goldman; that Crozier had no right or title to the same; that he held the same as against the right of said estate; and that if he was in possession of the certificate, it was put in his possession to be kept for Wilkes Goldman, or he got possession of it wrongfully.

The bank prayed that these claimants be required to interplead, so that it could be determined to which one of them the bank should pay said money.

The jury trying the case returned a verdict in favor of the administrator; whereupon Crozier made his motion for new trial, which, as amended, was overruled by the court; and error was assigned upon this judgment.

*Burnside & McWhorter,* for plaintiff in error.

*John T. West & Son* and *C. J. Perryman,* contra.

HINES, J. (After stating the foregoing facts.)

1. There was sufficient evidence to support the verdict; and a new trial should not be granted upon the formal grounds of the motion for new trial.

2. In the first ground of the plaintiff's amendment to his motion for new trial it is alleged that the court erred in admitting in evidence, over objection of plaintiff, the following testimony of John Crozier Sr., on cross-examination: " I didn't get the money from the sale of that house. Jack got it. Monk hadn't got none up to that time as I know of." It is alleged in this ground that the witness referred to the disposition of part of the proceeds of a place which was not involved in this suit. The objection to this testimony was that it was irrelevant, and did not elucidate any issue involved in the trial of this case. Ordinarily the admission of irrelevant testimony is not cause for the grant of a new trial, unless, from its peculiar nature, or from statements in the assignment of error, it is shown to have had a prejudicial effect on the party complaining. *Travelers Ins. Co.* v. *Thornton,* 119 *Ga.* 455 (8), 457 (46 S. E. 678); *Thompson* v. *Thompson,* 77 *Ga.* 692 (7), 700 (3 S. E. 261). It is not pointed out in this ground of the motion, however, that this testimony, if irrelevant, was prejudicial to the plaintiff, and prejudice does not appear from the peculiar nature of this evidence. So we·can not say that the court erred in admitting this evidence.

3. In the second ground of the plaintiff's amendment to his motion for new trial it is alleged that the court erred in permitting Hogan Goldman, the administrator of Wilkes Goldman, one of the parties to the case, over objection by the plaintiff, to testify as follows: " He wanted me to take it and put it in my place." It is alleged that the evidence referred to a conversation the witness had with his deceased father, as to what the deceased said he wanted to do with his money. The objection to this testimony was that it was irrelevant; and further, that it was a conversation between the witness and his father, who had subsequently died, the witness being interested as an heir at law in the estate of his deceased father, which was involved in the case on trial. What is said in the preceding section of this opinion disposes of the

question whether a new trial should be granted because this testimony is irrelevant. It is not alleged how or in what manner it is prejudicial, and prejudice does not appear from the nature of this evidence. The second objection to the admission of this testimony is not sufficient to raise the question of the competency of this witness. The objection made is to the admissibility of this testimony, and not to the competency of the witness to testify. So we can not consider this objection as raising the question of the competency of the witness.

4. In the third ground of the plaintiff's amendment to his motion for new trial it is alleged that the court erred in overruling his motion to rule out all the testimony of Hogan Goldman, the administrator, in regard to the conversation had with his deceased father in regard to what disposition his father wanted to make of his money, as contained on page 27 of the brief of evidence, and the testimony of all other witnesses, who were heirs at law of said deceased, in regard to conversations or transactions had with him in regard to the disposition he desired to make of his money, or intended to make of it. This motion was based upon the ground that these witnesses were interested in the estate of said deceased, and could not be permitted to testify as to conversations or transactions had with him, he having since died.

An assignment of error upon the admission of evidence, which does not literally or in substance set forth the evidence referred to, is without merit and can not be considered by this court. *Rucker v. State,* 97 *Ga.* 205 (22 S. E. 921); *Denton* v. *Ward,* 112 *Ga.* 532 (37 S. E. 729).

5. It is complained in the fourth ground of plaintiff's amendment to his motion for new trial that the court erred in admitting in evidence, over objection of the plaintiff, a promissory note, dated January 12, 1920, due November 15, 1920, for the principal sum of $500, signed by John Crozier Sr., and Jack Crozier, and payable to the order of Wilkes Goldman. The objection to the admission of this testimony was that it did not elucidate any issue involved in the trial of this case, and because said note was in no way involved in the gift which the plaintiff was claiming, but was made by his brother and father, and under no theory could the same be relevant or admissible in this case. What has been said in the second and third sections of this opinion disposes of this objection,

if this testimony was in fact irrelevant; but we are of the opinion that the same was relevant to the issue being tried. The plaintiff not only asserted that his father had given him this certificate of deposit, but had also given him this note to be delivered to his mother as a gift. This evidence illustrated the reasonableness of the plaintiff's claim and testimony.

Doubtful evidence is to be admitted rather than excluded. The current of authority in this State is to admit it, leaving its weight and effect to be determined by the jury. *Dalton* v. *Drake,* 75 *Ga.* 115 (3); *Thompson* v. *Thompson,* supra; *S., F. & W. Ry. Co.* v. *Flannagan,* 82 *Ga.* 579 (9 S. E. 471, 14 Am. St. R. 183).

6. In the fifth ground of this amendment it is complained that the court erred in charging the jury as follows: " I charge you that if you believe, by a preponderance of the evidence, that the deceased . . gave to Mr. Dick Crozier (John Crozier Jr.) the certificate of deposit either actually or symbolically, that it was done by Mr. Goldman in contemplation of death, when he was in peril of death, during his last illness, and intended by him to be an absolute gift only in the event of death, and that . . Mr. Goldman died without revoking such gift from himself to Mr. Crozier, then the title would vest in Mr. John Crozier, and it would be your duty to. find for John Crozier. On the other hand, if you do not believe that the deceased . . gave to Dick Crozier the certificate of deposit in fee simple, that he delivered it to him either actually or constructively, that it was not done by Mr. Goldman in contemplation of death, when he was in peril of death during his last illness, that he intended it as a gift and that it was accepted by Dick Crozier, then it would be your duty to find for Mr. Goldman, the administrator of the estate of Wilkes Goldman." The error alleged in this charge is that it is confusing, vague, indefinite, and not a clear statement of the law. It is further alleged that the use of two negatives in the last sentence of this charge gives to it an entirely different meaning from that intended to be conveyed, making the instructions in this part of the charge conflict with that contained in the first sentence thereof.

There is no difficulty about the portion of the charge embraced in the first sentence of the above extract. Counsel for plaintiff lays great stress upon the second sentence, which embraces, as he alleges, a confusing, vague, and indefinite statement of the law.

He further contends that his client was made the victim of two negatives used in the second sentence of the excerpt. The use of " not " in the third clause of this sentence was inaccurate; but it could not have misled the jury. When the court's charge respecting an issue in a case is substantially correct, mere lack of verbal precision, which could not mislead the jury, is not ground for new trial. *Southern Ry. Co.* v. *Merritt,* 120 *Ga.* 409 (47 S. E. 908) ; *Savannah Electric Co.* v. *Mullikin,* 126 *Ga.* 722 (55 S. E. 945).

When the entire charge of the court is considered, the erroneous use of this negative could not mislead or confuse the jury.

7. In the sixth ground of this amendment it is complained that the court erred in charging the jury as follows: " I charge you that if you believe . . that the deceased . . , not in contemplation of death, gave to Dick Crozier the certificate of deposit, that it was delivered to . . . Crozier, either actually or constructively, and by . . Crozier so accepted as a gift . . from Goldman, then I charge you that the title would have passed into Mr. Crozier, and it would be your duty to find for Mr. Crozier, and . . the donor would have no right to revoke the gift. On the other hand, if you do not believe that . . Goldman gave the certificate of deposit to . . Crozier, that he delivered it and that . . Crozier accepted it, both recognizing it as a gift, and that it should pass title to . . Crozier, or if you should believe the certificate was delivered to . . Crozier for safekeeping, for other uses than his own, and that it was not the intention, to pass the fee-simple title to . . Crozier, then you would not be authorized to find for Mr. Crozier, but it would be your duty to find for the administrator." The error assigned is that this charge presents an issue for the jury to pass upon which is not made by the pleadings nor by the evidence in the case, there being no contention in either that the gift referred to was not made in contemplation of death, and no issue being made as to the right of the donor to revoke the gift.

A charge on an issue not made by the pleadings will not be cause for new trial, where it appears that the charge given had a tendency to benefit rather than injure the complaining party. *Palmour* v. *Roper,* 119 *Ga.* 10 (45 S. E. 790). This charge corrected any error in the charge dealt with in the next preceding

section of this opinion; and presented to the jury a theory upon which the plaintiff might recover, although the jury should find that the gift was not made in contemplation of death, and although they might find that the donor had undertaken to revoke the gift after he had made it. Being favorable to the plaintiff, rather than hurtful, it furnishes no cause for the grant of a new trial.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent because of sickness.*