## 45760.  FAUST v. BUCHANAN.

EBERHARDT, Judge. Madison Faust brought suit against Joseph C. Buchanan as the administrator of the estate of B. P. Buchanan to recover damages for injury to his motorized mechanical cotton picker which occurred when the deceased drove his automobile into the rear of the picker while it was being moved on the highway by plaintiff's servant, and defendant counterclaimed for the funeral expenses and damage to the automobile of the deceased. Plaintiff's evidence indicated that the cotton picker was being driven from Pine Mountain to his farm in Terrell County by a servant who was experienced in operating it, that the collision occurred about 7 p.m. or shortly thereafter at a place on the highway which was for at least a mile straight and level, that it was on the right side of the road, traveling at about 11 miles per hour and had all lights on—which included two headlights on the front, two red lights which either flashed or remained red, and one white light on the rear, and that these were visible for a distance of a quarter to half a mile. Plaintiff was out in his pick-up truck looking for the picker, seeking to ascertain whether the driver wished to take it on to the farm or to park it at an appropriate place and go home for the night. He came upon it within a very few minutes after the collision, and was the first person on the scene. He found the driver lying in the road, unconscious and with a broken arm. The Buchanan car had hit the picker squarely in the rear, severely damaging it, and had then gone off into the ditch on the left side of the road. Mr. Buchanan was in the car and apparently dead. His car had been severely damaged also.

Defendant's evidence indicated that the red lights on the rear of the picker were not on, but that the white light was. The trial court refused to direct a verdict against the counterclaim, surmising that the single white light shining from the rear may have confused Mr. Buchanan, leading him to believe that he was meeting a vehicle of some sort with only one light, and that this may have been the cause of the collision.

The jury returned a verdict for defendant on his counterclaim, and for the defendant on the main action, and plaintiff appeals,

urging that the verdict is without evidence to support it and that the court erred in denying a request to charge on following too closely. *Held:*

1. While the verdict may have been strongly against the weight of the evidence, and the trial court might have granted a new trial on that ground, this court must, on appeal, construe the evidence in support of the verdict (*Young Men's Christian Assn. v. Bailey,* 112 Ga. App. 684, 690 (146 SE2d 324); *Whatley v. Henry,* 65 Ga. App. 668, 682 (16 SE2d 214)), and if there is any evidence to support the verdict an affirmance results. *Middleton v. Waters,* 205 Ga. 847 (5) (55 SE2d 359).

A motorized cotton picker is a motor vehicle within the meaning of *Code Ann.* § 68-1502 (1) (a) which is required, under § 68-1705, to have "at least one tail lamp mounted on the rear, which when lighted as hereinbefore required shall emit a red light plainly visible from a distance of 500 feet to the rear . . ." and we can not say that there is not some evidence upon which the jury could find that although there were tail lamps on plaintiff's picker which, if lighted, would have emitted red lights that would have complied with the law, these were not lighted at the time of the collision, and that the only tail lamp that was lighted emitted a white light, and that this may have caused the collision to occur. Cf. *Whatley v. Henry,* 65 Ga. App. 668 (2), supra.

2. A careful reading of the transcript does not indicate that there was any evidence indicating that the deceased was closely "following" the cotton picker, and hence denial of the request to charge the provisions of *Code Ann.* § 68-1641 on that matter was not error. *Ellison v. Robinson,* 96 Ga. App. 882 (5) (101 SE2d 902).

*Judgment affirmed. Jordan, P. J., and Pannell, J., concur.*
Submitted November 2, 1970—Decided November 10, 1970—
Rehearing denied November 25, 1970—Cert. applied for.

*Beauchamp, Engram & Greenholtz, B. Sam Engram, Jr.,* for appellant.
*Smith & Hargrove, William E. Smith,* for appellee.

ON MOTION FOR REHEARING.

Appellant urges that the motorized cotton picker, used exclusively for picking cotton, is an "implement of husbandry," and that in holding it to be a "motor vehicle" subject to the requirement of *Code Ann.* § 68-1705 when operated on the highway at night in that it must have in operation at least one tail lamp emitting a red light visible for a distance of 500 feet to the rear, we have overlooked the specific exemption from this requirement of "implements of husbandry" by *Code Ann.* § 68-1701 (c).

This raises the issue of whether, for the purposes of the exemption in § 68-1701 (c), a motorized cotton picker equipped with an electrical system, having lights, both front and rear, and with pneumatic tires for travel on the highway, is an "implement of husbandry." We conclude that it is not. For other purposes and in other contexts it is concededly an "implement of husbandry," for it is used exclusively in farming operations. See Words & Phrases for definitions of this phrase.

The phrase is first mentioned in *Code Ann.* § 68-1502 (2) (b) in the Act, where a "farm tractor," which is also exempt if it has no electrical system, is defined to be: "Every motor vehicle designed and used primarily as a farm implement for drawing *plows, mowing machines, and other implements of husbandry."* This affords a key to what the legislature intended the phrase to include when later used in § 68-1701 (c)—farm vehicles which must be drawn, and which are not self-propelled.

The rule of noscitur a sociis—that a word is known by the company it keeps and takes meaning therefrom—is applicable here. The exemption of § 68-1701 (c) is made to apply to "*implements of husbandry,* road machinery, road rollers, or *farm tractors . . ."* The phrase continues to keep company with "farm tractors" in § 68-1502 (2) (b) and is there associated with "plows and mowing machines," which are *drawn* by tractors. This leads inevitably to application of the rule of ejusdem generis, which confines the meaning of "implements of husbandry" to things of the same general class and nature as plows, mowing machines, etc. which are not self-propelled, but must be drawn. "Words and phrases, the meaning of which has been ascertained in a statute, are, when used in a subsequent statute, or in subsequent parts of the

same statute, to be understood in the same sense." *Lane v. Morris,* 10 Ga. 162, 173.

This is emphasized by other applicable rules of statutory construction. "Statutes making exceptions to general rules must be strictly construed," (*Williams v. Seaboard A. L. R. Co.,* 33 Ga. App. 164, 165 (125 SE 769)), and should be given a narrow construction. *Dalton Brick &c. Co. v. Huiet,* 102 Ga. App. 221, 224 (115 SE2d 748). The exemption or exception should not be extended beyond the apparent legislative purpose. *Washington v. Atlantic C. L. R. Co.,* 136 Ga. 638, 644 (71 SE 1066). "[T]he exemption will not be held to be conferred unless the terms under which. it is granted clearly and distinctly show that such was the intention of the legislature." *Mayor &c. of Macon v. Central R. & Bkg. Co.,* 50 Ga. 620. "[E]xemptions are made, not to favor the individual owners of property, but in the advancement of the interests of the whole people. Exemption, being the exception to the general rule, is not favored . . . and . . . will not be enlarged by construction, but, on the contrary, will be strictly construed." *Mundy v. Van Hoose,* 104 Ga. 292, 297 (30 SE 783). Accord: *Wardens &c. of St. Mark's Church v. Mayor &c. of Brunswick,* 78 Ga. 541 (3 SE 561).

Applying these principles we conclude that the legislature intended to exempt or exclude only those "implements of husbandry" which, like "plows, and mowing machines," are not self-contained and self-propelled but are separate and drawn by a tractor. Implements which, like this cotton picker, are motorized and which are so constructed that they can be and at times are moved on the highways, having electrical systems and being equipped with tires which qualify them for road use, are "motor vehicles" within the meaning of *Code Ann.* § 68-1502 (1) (a), and are subject to the requirements of *Code Ann.* § 68-1705.

*Judgment adhered to.*