BENJAMIN F. KING vs. JOSIAH NORCROSS.

Worcester, October 2, 1907. — October 15, 1907.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Fire. Nuisance. Pleading, Civil*, Declaration. *Negligence.*

Where one builds a fire on his own premises, it is his duty to use reasonable care to prevent its doing injury to personal property of other persons, whether such property is on other land than his or is on his land by his invitation.

The owner of land through which a highway passes has a right to make any reasonable use of that part of the highway upon his land which does not interfere with the enjoyment of the public easement.

A declaration alleged that the defendant negligently built a fire upon his own premises within the limits of a public highway and that, owing to his gross negligence, the fire " was so unguarded and cared for" that it communicated itself to cord wood belonging to the plaintiff and standing upon the sides of the highway. The defendant demurred on the ground that it appeared by the declaration that the plaintiff was a trespasser and that therefore the defendant owed him no duty. *Held*, that the demurrer should be overruled, for it did not appear from the declaration that the plaintiff was a trespasser, there being nothing to show on whose land his wood was standing nor that his use of the highway interfered with the enjoyment of the public easement.

A declaration, in which it is averred that the defendant negligently built a fire on his own land within the limits of a public highway and that because of his gross negligence it communicated itself to wood of the plaintiff piled in the highway, need not allege also that the plaintiff was not a trespasser and was not guilty of any wrong in the disposition of the wood, the law not presuming that his conduct was unlawful.

A declaration, in which it is averred that the defendant negligently set a fire on his own land and negligently guarded it whereby wood of the plaintiff was burned, alleges a nuisance and therefore need not contain a further averment denying contributory negligence on the part of the plaintiff.

TORT. Writ in the Superior Court for the county of Worcester dated May 5, 1905.

The declaration is quoted in full in the opinion. The defendant demurred on the ground that the declaration failed to comply with the requirements of R. L. c. 173, and on the ground that it appeared from the declaration that the plaintiff was a trespasser and that the defendant owed him no duty.

The demurrer was sustained, judgment was entered for the defendant, and the plaintiff appealed.

*H. H. Thayer*, for the plaintiff.

*H. F. Harris*, (*W. H. Whiting* with him,) for the defendant.

KNOWLTON, C. J. This case comes before us on an appeal from a judgment for the defendant, founded on an order sustaining his demurrer to the plaintiff's declaration. The declaration is as follows: "And the plaintiff says that on or about the nineteenth day of April, 1905, the defendant carelessly and negligently built a fire upon the premises of the defendant within the limits of the turnpike so called leading from the town of Sutton to the town of Millbury in said county, and being a public highway, and did then and there burn a large quantity of brush; that owing to the gross carelessness and negligence of the defendant, said fire was so unguarded and cared for that said fire spread and communicated itself to certain cord wood of the plaintiff, to wit, one hundred and three cords, stacked and standing upon the sides of said highway, and wholly destroyed, consumed and burned up a great portion thereof, and injured, damaged and rendered worthless the balance thereof, to the great damage of the plaintiff."

If the defendant built a fire on his own premises to burn brush, as alleged, it was his duty to use reasonable care to prevent its escape from his land to the injury of the property of other persons. If the property of other persons was on his land by his invitation he would owe a like duty to keep the fire from injuring it. The declaration avers that he built the fire, that he was negligent in the management of it, and that the plaintiff's property was destroyed by reason of this negligence. This states a case of liability to the plaintiff.

The principal ground on which the demurrer is sought to be sustained by the defendant in the argument is that the plaintiff was a trespasser in putting his wood upon the sides of the highway. But the declaration does not show this. So far as appears, the wood may have been on the plaintiff's land through which the highway may have passed. The owner of land through which a highway passes has a right to make any reasonable use of it which does not interfere with the enjoyment of the public easement, and there are many places in sparsely settled parts of the State where wood might be piled temporarily within the limits of a public highway without obstructing travel or interfering with the use of the way for any public purpose. *O'Linda* v. *Lothrop,* 21 Pick. 292, 297. *Robbins* v. *Borman,*

1 Pick. 122. *Adams* v. *Emerson*, 6 Pick. 57, 58. The plaintiff's wood may have been on the land of a third person, within the boundary of the highway, or it may have been on the defendant's land under some arrangement that imposed upon him a duty to use reasonable care to prevent its being burned.

The plaintiff was not called upon to aver that he was not a trespasser, or that he was not guilty of any wrong in the disposition of his wood. The law does not presume that his conduct was unlawful, but in that respect the presumption is in his favor.

Another subject which was not referred to in the demurrer nor in the argument before us properly may be considered as involved in the case. The averment is that the defendant negligently set a fire on his land and negligently guarded it, whereby the plaintiff's wood was burned. In actions, the gist of which is negligence, there is a conflict of authority as to whether a plaintiff must negative contributory negligence on his part. In England, in the federal courts of this country, and in a majority of the State courts it is held that he need not aver nor prove the negative. In this State and in other States it is held that, where the action is for an injury caused by negligence, under such circumstances that the conduct of the plaintiff reasonably might be expected to enter directly into the conditions connected with the injury, the burden is upon the plaintiff to show that his own negligence was not a contributing cause of it. Averments in the declaration should, therefore, be made accordingly. 5 Encyc. Pl. & Pr. 4, and cases cited in the note. 7 Am. & Eng. Encyc. of Law, (2d ed.) 453, and notes. But this rule does not apply to a case like the present. Although setting a fire on one's own land for a proper purpose is a lawful act, and there is no liability for it unless there is negligence in setting or caring for it, such a fire immediately becomes a nuisance to adjacent property if it is negligently suffered to send sparks or flames into combustible material on the property. The sending of sparks which kindle fires upon adjacent property is not strictly a trespass, but it is much like a trespass. The fire which sends them, if negligently suffered to burn, is strictly a nuisance. A neighbor claiming damages because his property is injured by it presents his case properly if he states the facts which constitute the

nuisance, and alleges the injury. His own conduct has no such probable connection with such an injury as to require him to aver negatively his freedom from fault.

*Judgment reversed ; demurrer overruled.*