LUKE *v.* THE STATE.

No. 11437.   NOVEMBER 11, 1936.

*Claud F. Brackett*, for plaintiff in error.

*M. J. Yeomans, attorney-general, John A. Boykin, solicitor-general, J. W. LeCraw,* and *O. H. Dukes,* contra.

ATKINSON, Justice.  ■  A ground of a motion for a new trial complaining of the admission of evidence over objection is insufficient where it does not state that the alleged ground of objection was stated to the judge at the time the evidence was offered. *Peters* v. *State,* 124 *Ga.* 80 (52 S. E. 147); *Noll* v. *Nolan,* 135 *Ga.* 712 (70 S. E. 577); and cit.; *Lively* v. *State,* 178 *Ga.* 693 (173 S. E. 836), and cit. The first special ground of the motion for a new trial is insufficient.

■ It is not an abuse of discretion to refuse, on cross-examination of a witness, to allow questions repeated that have been asked and fully answered. *McLeod* v. *Wilson,* 108 *Ga.* 790 (2) (33 S. E. 851). "Counsel for the defendant asked the witness: 'Didn't you tell Mr. Hudson when you first got on the stand that you didn't see Elmer Luke on Sunday?' To this Roebuck answered: 'Did I say a while ago I didn't see Elmer Luke? I seen him when he brought the liquor there.' Thereupon the following ensued: Question by attorney Brackett: Don't you understand my question? The court: Just answer the question whether you told Mr. Hudson when you first got on the stand you didn't see him. Witness: Did I say I didn't see him? The court: Yes. Witness: I know I seen him. The court: The jury will remember what he said, Mr. Brackett. Question by attorney Brackett: Have you ever been in the chain-gang? Witness: I have never been in the chain-gang. The court: The record would be the best evidence. Question by attorney Brackett: What do you do for a living? Witness: I work, that is what I do. I work out at Candler Field." The foregoing does not show a refusal by the court to allow the

attorney for the defense to fully cross-examine the witness, as complained of in the motion for new trial.

The court charged the jury: "Flight, if any, and similar acts, if proved in this case, from which any inference of guilt may be drawn, may be considered by the jury; but flight is subject to explanation, and the weight to be given it, or whether the jury will draw an inference of conscientiousness of guilt or not is for the jury. It is for the jury to determine whether the flight of the defendant, if such has been proved, was due to a sense of guilt, or to other reasons; and if from other reasons, no inference hurtful to the defendant must be drawn by the jury." This charge was not erroneous for any of the reasons assigned; that (a) there was not sufficient evidence as to flight; (b) the charge, in the absence of evidence of flight, was tantamount to an expression of an opinion that the defendant had been "guilty of flight;" (c) the court "failed to define the legal meaning of the term 'other similar acts,'" and the charge was thereby prejudicial to the defendant.

The evidence was sufficient to support the verdict, and there was no error in refusing a new trial.

*Judgment affirmed. All the Justices concur.*