TERESA INGRAM & another *vs.* TASCO HOTEL CORPORATION.

Worcester.   September 28, 1954. — December 30, 1954.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Nuisance.   Way,* Public: sidewalk, nuisance, swinging door.   *Pleading, Civil,* Special demand, Admissions in pleadings.

In an action for personal injuries sustained when a swinging door of the defendant's hotel on a city street was opened outward over the sidewalk and struck the plaintiff, the defendant admitted that the place of the accident was on a public way by merely denying, without filing a special demand under G. L. (Ter. Ed.) c. 231, § 30, as amended, for proof of, an allegation in the declaration that the door swung over "the public sidewalk."

The proprietor of a city hotel whose front door swung outward over the sidewalk of an adjacent public way and struck and injured a pedestrian on the sidewalk when violently opened outward by persons leaving the hotel might properly be found liable to the pedestrian on the ground of maintenance of a nuisance.

TORT.   Writ in the Superior Court dated April 8, 1949. The action was tried before *Leary,* J.

*Walter J. Griffin,* for the plaintiffs.

*Stanley B. Milton,* (*Robert C. Milton* with him,) for the defendant.

LUMMUS, J.   The plaintiff Teresa Ingram sues for personal injuries and her husband Charles Ingram sues for consequential damages, occasioned on February 9, 1949, when a swinging front door of the defendant's Hotel Warren in Worcester was violently opened out upon the sidewalk in front of the hotel on Front Street by departing guests and struck Teresa.   After verdicts for both plaintiffs, the judge under leave reserved entered verdicts for the defendant, and the plaintiffs excepted.

The declaration alleged that the front door on the day of the accident "swings over the public sidewalk."   Obviously a public sidewalk is a part of a public way.   By G. L. (Ter.

Ed.) c. 231, § 30, as amended by St. 1949, c. 179, an allegation that a place is a public way shall be taken as admitted unless the party denying it files "a special demand for its proof." In this case the defendant did not file such a "special demand," but merely denied that the place was a public sidewalk. *Boutillier* v. *Wesinger*, 322 Mass. 495, 497. It must be held that the defendant has admitted that the place of the accident was on a public way.

The declaration alleged nuisance, but not negligence, as the ground of liability. These are different concepts. *Hakkila* v. *Old Colony Broken Stone & Concrete Co.* 264 Mass. 447, 452. *United Electric Light Co.* v. *Deliso Construction Co. Inc.* 315 Mass. 313, 320. The decisive question in this case is whether the evidence that the defendant maintained a door that swung out over the sidewalk of a public way in such a manner that it was likely to injure a pedestrian, warranted a finding of liability for nuisance. That it did so is held in a number of decisions in other jurisdictions. *Higginbotham* v. *Kearse*, 111 W. Va. 264. *Boyle* v. *Neisner Brothers, Inc.* 230 Mo. App. 90. *Holroyd* v. *Sheridan*, 53 App. Div. (N. Y.) 14. Our cases of *Hyde* v. *Middlesex*, 2 Gray, 267, and *Commonwealth* v. *Blaisdell*, 107 Mass. 234, tend strongly in the same direction. The present case is to be distinguished from cases in which no interference with public travel appeared, illustrated by *O'Linda* v. *Lothrop*, 21 Pick. 292, *King* v. *Norcross*, 196 Mass. 373, and *Smith* v. *Locke Coal Co.* 265 Mass. 524.

We think that the exceptions of the plaintiffs must be sustained.

*So ordered.*