*Western District*

## SPRINGFIELD WALL PAPER & PAINT COMPANY

v.

## AUGUST M. LIBERATORI

*Present*: Garvey, J. (Presiding) & Hobson, J.

Case tried to *Sloan, J.* in the District Court of Springfield. No. 158019.

Argued: April, 1962—Decided, June, 1962

*Hobson, J.* This is an action of contract to recover $169.37 for wallpaper allegedly sold

by the plaintiff to the defendant. The answer sets up the defense that the goods were not sold to the defendant individually but rather to "August M. Liberatori, Inc.", a corporation of which the defendant was president and general manager.

The relevant evidence may be summarized as follows:

The plaintiff is engaged in the business of selling wallpaper and paint to the general public at 486 Bridge Street, Springfield, Mass.; that it had an account standing in the individual defendant's name since some time prior to 1950, when he was doing business under his own name; that on *November 9, 1954*, a Massachusetts corporation entitled "August M. Liberatori, Inc." was organized, the defendant then and up to the present time being its president and general manager; and that said corporation has been engaged in the general contracting business and in constructing and selling residential homes since that time; that after the corporation was organized the defendant informed the plaintiff of its existence; that the account of the defendant on the plaintiff's books was carried on as "A. Liberatori" and was not changed after such notification; that invoices in connection with the account were made out to "August M. Liberatori", "G. Liberatori", "A. Liberatori", and "August M. Liberatori, Inc.", and the monthly statements were made out in the name of "A. Liberatori" and sent to the defendant at his home; that

all purchases made after the organization of the corporation on November 9, 1954, were paid for by the corporation checks imprinted with the name "August M. Liberatori, Inc." on the face thereof, and there was one exhibit consisting of eight such checks introduced; that the goods sold which comprised the subject matter of this suit were charged to "Gus Liberatori"; that the plaintiff's manager, the only witness for the plaintiff, did not know who made the purchases or who selected the merchandise; that there was a statement on the invoices that the material was to be shipped to "Mrs. Manzi" at 149 Maynard Street, Springfield, Mass., for house #101 Pinecrest Drive, Springfield, Mass.; that at one time the defendant had said to plaintiff's manager he was sorry that the account was past due, acknowledged owing the money, and that he would try to pay the account; that after that, sixty dollars were paid on the account; that there was evidence given by the defendant that such payment was made by Mrs. Manzi and not by him or the corporation.

*There was further evidence tending to show that* the corporation "August M. Liberatori, Inc." was building a house for sale known as 101 Pinecrest Drive, Springfield, Massachusetts, and Mrs. Manzi was one of the purchasers thereof, jointly with her daughter, Mrs. Miner, and that during construction Mrs. Manzi was told to go to the plaintiff's place of business and select her wallpaper

and to have it charged; that the wallpaper was so selected by Mrs. Manzi and delivered to her home and was then used on the job at #101 Pinecrest Drive, in Springfield, Massachusetts; that when the house was completed the corporation "August M. Liberatori, Inc." delivered title to Mrs. Manzi and Mrs. Miner; that at the time of the sales of the merchandise declared on, the house at #101 Pinecrest Drive, Springfield, Massachusetts, was owned by the corporation, "August M. Liberatori, Inc." and "Miner and Manzi" were at that time under contract to purchase same from the corporation, "August M. Liberatori, Inc."

The defendant filed eleven requests for rulings, but in our view of this case, we need to consider only the first four, which were as follows:

1. The evidence warrants a finding for the defendant.
2. As a matter of law the plaintiff is not entitled to recover.
3. Upon all the evidence the plaintiff is not entitled to recover.
4. Upon all the evidence and the law, the plaintiff is not entitled to recover.

The trial judge granted request No. 1, denied requests Nos. 2, 3 and 4, and made a general finding for the plaintiff, without special findings of fact, in the sum of $171.41.

A finding for the plaintiff imports the drawing, by the trial judge, of all rational

inferences to support that conclusion which are permissible on the evidence and the finding of all subsidiary facts conducing to that result of which the testimony is susceptable and the finding must stand unless unsupported by the evidence. *Moss v. Old Colony Tr. Co.,* 246 Mass. 139, 143; *N. Y. C. RR v. Marinucci Bros. & Co., Inc.,* 337 Mass. 469, 471.

The issue then is, can the finding for the plaintiff be sustained upon the evidence set forth in the report, with all rational inferences drawable therefrom.

■ We think the finding for the plaintiff is not supported by the evidence and properly drawn inferences therefrom, and should not stand.

It is clear, from the evidence, that the defendant did not himself order the goods allegedly sold to him and direct that they be charged to him personally. It is also clear that a Mrs. Manzi ordered the goods at the direction of the defendant. She was acting as agent either for the defendant individually or for the corporation which was under a contract with her and her daughter to build for and sell to them a house, then being constructed, and into which the goods ordered by Mrs. Manzi were to go, and of which corporation the defendant was the president and general manager.

The plaintiff, to maintain this action, must prove by a fair preponderance of the evidence that Mrs. Manzi was in fact the agent of the defendant personally when she ordered the

goods. *Manning v. Carberry,* 172 Mass. 432. There is nothing in the evidence to show any statements made by Mrs. Manzi at the time she ordered the goods.

■ In fact, if she made any statement or declaration at that time such would be inadmissible to show the nature and extent of her authority. *Friend Lumber Co. v. Armstrong Bldg. Finance Co.,* 276 Mass. 361, 367; *Treas. & Rec. Gen. v. Macdale Warehouse Co.,* 262 Mass. 588, 593.

We can find nothing in the evidence offered by the plaintiff which is helpful in determining for whom Mrs. Manzi was acting as agent, as its only witness knew nothing about the transaction, other than there was a charge on the books against the defendant, with a notation on the invoice as to the place of delivery of the goods.

■ In fact the only evidence which we can find in the report which has any bearing at all upon the issue as for whom Mrs. Manzi had authority to act as agent is:

*First,* the statement of the defendant that while the corporation, of which he was president and general manager, was erecting the building under a contract with Mrs. Manzi and her daughter, he authorized her to go to the plaintiff, get what wallpaper she desired and which was to go into the house and have it charged. Nothing appears in the report that he told her to whom to have it charged:

*Second,* the statement of plaintiff's manager that defendant said he was sorry the account

was past due, acknowledged owing the money and would try to pay it.

To have reached the conclusion and finding the trial judge drew to the conclusion by way of inference that the defendant authorized Mrs. Manzi to have the goods charged to him personally. It seems to us that the opposite conclusion could also have been drawn, namely, that, when he authorized Mrs. Manzi to get the material she desired and have it charged, he was authorizing her to have it charged to the corporation, which was under contract with her and another to build and sell to them the house in which the wallpaper was to be and was placed and that when he acknowledged owing the bill to the plaintiff's manager and said he would pay it, he was speaking as the president and general manager of the corporation and not for himself.

Viewing the case in its aspects most favorable to the plaintiff, in our opinion, the evidence we have just been referring to tends equally to sustain either of the two inconsistent propositions (that Mrs. Manzi had authority to bind the defendant individually or the corporation of which he was president and general manager.)

■ Applying the rule laid down in *Smith v. First National Bank*, 99 Mass. 605, 612, and most recently in *C. v. Shea*, 324 Mass. 710, 713, where it is said "When the evidence tends equally to sustain either of two inconsistent propositions, neither of them can be

said to have been established by legitimate proof. A verdict in favor of the party bound to maintain one of the propositions against the other is necessarily wrong", we hold that inasmuch as the burden was on the plaintiff to prove that Mrs. Manzi was in fact the agent of the defendant and failed so to do, the finding for the plaintiff cannot stand.

There was prejudicial error in the denial of the defendant's requests for rulings above set forth. If the rulings, incorrectly denied, had been granted, the finding would have been for the defendant. The judgment for the plaintiff should be vacated and judgment for the defendant entered.

E. Alpert, of Springfield, for the Plaintiff.
G. Baron, of Springfield, for the Defendant.