### 39542. YOUNG, by Next Friend v. BLALOCK HAULING COMPANY et al.

DECIDED SEPTEMBER 7, 1962—
REHEARING DENIED SEPTEMBER 24, 1962.

*Heyman, Abram, Young, Hicks & Maloof, Robert G. Young,* for plaintiff in error.

*Smith, Swift, Currie, McGhee & Hancock, Charles Weltner, Hansell, Post, Gardner, Brandon & Dorsey, Hugh E. Wright,* contra.

JORDAN, Judge. While it is alleged in the petition that the defendant was negligent in discharging a large quantity of gasoline into the storage facilities of the filling station and thereby creating an alleged dangerous condition by the accumulation of gasoline vapors on the adjoining premises where the plaintiff was injured when said vapors were ignited and exploded, the instant cause of action must be construed as one predicated upon the defendant's failure to act to determine that said facilities could safely receive the gasoline. This is true for the reason that the facts alleged in the petition do not disclose any improper or negligent conduct in the mode and method of the delivery of the gasoline by the defendant but show that the dangerous condition which resulted in the plaintiff's injuries was caused by alleged defects in the construction and situation of the vent pipes of the gasoline storage tanks and by the general proximity and relationship of the filling station to the adjoining residential area.

It is alleged in the petition that the condition and location of said vent pipes could have readily been observed by the defendant's agent, but it is not alleged that the defendant's agent actually knew of the location of the vent pipes and of the construction of said pipes, nor that said agent had knowledge that their location and construction created a hazardous condition. Furthermore, under the alleged facts which disclosed that the tops of the vent pipes were several feet below the eaves of the roof of the filling station building, and construing the petition most strongly against the pleader, the allegation that the condi-

tion and location of the vent pipes could have been readily observed by the defendant's agent, can only be construed as an allegation to the effect that he could have observed said pipes by making an inspection of the premises.

Accordingly, as suggested in the brief of counsel for the defendant, the controlling issue presented by this petition is whether one delivering gasoline to a filling station has a duty, before and during such delivery, affirmatively to inspect the gasoline storage facilities of the service station and the surrounding premises in order to determine whether such facilities were constructed, operated and maintained in a safe condition and located in a safe area to receive the gasoline.

While we have been unable to find any Georgia cases directly in point on this question, a search of the general authorities and cases from other jurisdictions (see Ann. 151 ALR 1261, 1269) discloses that there is no such general duty of inspection of the storage facilities and surrounding premises upon one delivering gasoline to a filling station or other consumer; and accordingly, no liability for damages caused by defects in the same in the absence of actual knowledge that a dangerous condition exists in the receiving facilities. See Allegretti v. Murphy-Miles Oil Co., 363 Ill. 137 (1 NE2d 389); Doyle v. Atlantic Refining Co., 357 Pa. 92 (53 A2d 68); Peterson v. Betts, 24 Wash. 2d 376 (165 P2d 95); Samuel v. White Fuel Corp., 332 Mass. 264 (124 NE2d 270); Fritsch v. Atlantic Refin. Co., 307 Pa. 71 (160 A 699).

That the law of this State is in accord with the general rule enunciated and followed in the above cases, is indicated by the decision of this court in *Milligan v. Georgia Power Co.*, 68 Ga. App. 269 (1) (22 SE2d 662), wherein the court stated as follows: "It is the general rule, deduced from the authorities, that where wiring, or other electrical or gas appliances on private property, is owned or controlled by the owner or occupant of the premises, a company which merely furnishes electricity or gas for such respective appliances is not responsible for the insulation of the electrical appliances or the condition of the wiring or electrical or gas appliances, and is not liable to the owner or occupant or to third persons on the premises for injuries caused by such defective condition. The rule is subject to the exception that whenever

such electrical current or gas is supplied with actual knowledge on the part of the one supplying it of the defective and dangerous condition of the customer's appliances, he is liable for injuries caused by the electricity or the gas thus supplied for use on such defective and dangerous appliances, but no duty of inspection rests on the one supplying the electricity or the gas from the mere fact of rendering such service to the customer owning or controlling the equipment . . ."

Likewise in *Metz v. Georgia Public Utilities Corp.*, 52 Ga. App. 771 (1) (184 SE 629), it was held as follows: "Where an appliance for heating water by gas, on private premises, is owned and controlled by the owner or occupant of the premises, a company which did not sell or install the appliance, but which merely furnished gas to it, is not responsible for the condition of the appliance, and is not liable to the owner or occupant for injuries caused by its defective condition, unless the gas is supplied by the company, with *actual* knowledge on its part of the defective and dangerous condition of the appliance." See also *Cornett v. Georgia Public Utilities Co.*, 63 Ga. App. 305 (11 SE2d 68).

While the facts of the cases quoted from are materially different from those of the case under consideration, it is our opinion that the principle of law stated therein is applicable here. Accordingly, we hold that under the allegations of the plaintiff's petition the defendant Blalock Hauling Company was under no duty before or during the delivery of the gasoline to determine if the service station facilities were so constructed, installed, maintained and located as to receive the gasoline without danger and that in the absence of actual knowledge (or allegations showing the equivalent of the same) that a dangerous condition existed, the defendant in such instance was not liable for damages resulting from the alleged dangerous condition of the facilities.

The trial court did not err, therefore, in sustaining the general demurrer of the defendant Blalock Hauling Company.

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*