*Northern District*

No. 5686

**IDEAL CONCRETE BLOCK CO.**

v.

**DAVID L. FRIES**

(Dec. 18, 1962)

*Present*: Brooks, J., Eno & Parker, JJ.

Case tried to *McKenney, J.* in the Second District Court of Eastern Middlesex (Waltham). No. 3149 of 1961.

Argued: ——————— Decided: ———————

*Parker, J.* This is an action of contract to recover $180.00 plus interest of $19.00 for rental by the defendant of certain heating equipment.

The third paragraph of the Defendant's Answer is as follows:

"3.    And further answering the Defendant denies the plaintiff is a corporation".

Before final argument, the defendant made the following request for ruling:

"The finding of the Court must be for the defendant because the plaintiff has failed to prove that it is a corporation".

The court denied this request and the defendant claimed a report on its denial.

The report shows that no proof of the plaintiff's incorporation was made at the trial and that the question of the plaintiff's incorporation was raised only by paragraph 3 of the defendant's answer and his request for ruling.

The question raised by the report is whether the defendant has complied with the provisions of G. L. c. 231, §30. The material parts of this section read as follows:

"If it is alleged in any civil action or proceeding that a party is an executor, administrator ——————

or is a corporation, or that a place is a public way, such allegation shall be taken as admitted unless the party controverting it files in court, within the time allowed for the answer thereto, or within ten days after the filing of the paper containing such allegation, or within such further time as the court may allow on motion and notice, *a special demand for its proof.*"

The statute requires *a special demand for proof* that a party is a corporation. The answer was a mere denial that the plaintiff was a corporation. It does not demand proof of the same and a mere denial is not a demand for proof. *Ingram v. Tasco Hotel Corp.,* 332 Mass. 121; *Salvato v. DiSilva Trans. Co., Inc.,* 329 Mass. 305, 308; *Cabana v. Holyoke Conclave,* 160 Mass. 1, 2.

Under the provisions of G. L. c. 231, §29 which seems in substance to be the same as G. L. c. 231, §30, it has been held that the genuineness of the signature is admitted if the defendant merely denies it in his answer and does not demand proof. *Spooner v. Gilmore,* 136 Mass. 248; *Scholl v. Gilman,* 263 Mass. 295, 298; *McDuffee v. Kelsey,* 312 Mass. 458, 459.

We find no error in the denial of the defendant's request for ruling. The report is to be dismissed.

Wasserman & Salter, of Boston, for the Plaintiff.
Flynn & Flynn, of Waltham, for the Defendant.