## 22500. QUEEN v. HUNNICUTT.

SUBMITTED MAY 11, 1964—DECIDED JUNE 1, 1964.

*John G. Davis*, for plaintiff in error.

*Stow & Andrews, Robert E. Andrews*, contra.

GRICE, Justice. An action seeking to enjoin further trespassing upon certain described land and to recover damages for previous trespasses thereon was filed in the Superior Court of Rabun County by Lamon T. Queen against Jable Hunnicutt. The jury found in favor of Hunnicutt, and the trial court denied Queen's motion for new trial. That judgment is assigned as error.

■ The issue is whether Queen has title to the property in dispute, a portion of the right of way of the once scenic but now non-existent Tallulah Falls Railroad. This issue turns upon the location in December of 1899 of a certain road, whether it was east or west of where the railroad later built its track. On this issue several witnesses testified, and the evidence was in sharp conflict. Therefore, there was evidence to sustain the jury's finding for the defendant Hunnicutt, and thus the general grounds of the motion for new trial are without merit.

■ The first special ground of the amended motion for new trial is based upon newly discovered evidence, as incorporated in affidavits of two persons. However, *Code* § 70-205 provides that where the newly discovered evidence is that of witnesses, "affidavits as to their residence, associates, means of knowledge, character, and credibility must be adduced." None are furnished here. Therefore, this ground was properly denied.

■ The remaining two special grounds complain of the admission of certain evidence "over objection of the plaintiff." Each of these grounds fails to recite what objection was made at the time the trial court admitted the evidence. Under repeated rulings, "A ground of a motion for new trial complaining of the admission of evidence cannot be considered when it does not appear that the objections therein stated were urged before the trial judge at the time the evidence was offered." *Atlantic & Birmingham R. Co. v. Rabinowitz,* 120 Ga. 864 (2) (48 SE 326). See also *Luke v. State,* 183 Ga. 302 (1) (188 SE 542). Thus, these grounds were likewise not meritorious.

The denial of the motion for new trial was not erroneous.

*Judgment affirmed. All the Justices concur.*