### 25620. BROWN v. THE STATE.

Submitted January 13, 1970—Decided February 5, 1970.

*Friedman, Haslam & Weiner, Edwin A. Friedman, Stanley E. Harris, Jr., Kravitch & Hendrix, Aaron Kravitch,* for appellant.

*Andrew J. Ryan, Jr., District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Assistant Attorney General, Dorothy T. Beasley, Deputy Assistant Attorney General,* for appellee.

ALMAND, Chief Justice. Edmund M. Brown under an indictment charging him with the offense of murder of Hoke Bonnell was on his trial found guilty of murder with a recommendation of mercy and sentenced to life imprisonment. His amended motion for a new trial was overruled and this appeal is from an order denying this motion. Error is enumerated on this order and fifteen other alleged errors.

1. The court excused three members of the jury panel because on the voir dire they said they were conscientiously opposed to capital punishment and would never vote to impose the death penalty regardless of the facts in the case. Appellant says this was error as being prejudicial to him in that it denied to him jurors who testified they were opposed to capital punishment.

The ruling in Witherspoon v. Illinois, 391 U. S. 510 (88 SC 1770, 20 LE2d 776), is not applicable here, the appellant having received a life sentence by the verdict of the jury. Bumper v. North Carolina, 391 U. S. 543 (88 SC 1788, 20 LE2d 797).

2. On the voir dire the following question was propounded to the jury panel: "Whether from having seen the crime committed or having heard the testimony under oath, have you formed and expressed an opinion as to the guilt or innocence of the prisoner at the bar?" Appellant objected to the propounding of this question on the ground that it was prejudicial in that it advises the jury that a crime has been committed and denied him a fair and impartial trial.

It was not error to overrule this objection. See *Bloodworth v. State,* 119 Ga. App. 677 (1) (168 SE2d 334).

3. It is asserted that the court erred in permitting the officer who arrested appellant to testify, "I charged him, the defen-

dant, at the time of his arrest, with investigation as to armed robbery or attempted armed robbery, of the Interstate Insurance Co.," in that evidence of other crimes was introduced and was prejudicial as placing his character in issue.

The record does not disclose that any objection was made before the trial court at the time the evidence was offered. The failure to object at the time evidence is offered is a waiver of the objection and this ground of the appeal cannot be considered. *Durrence v. Durrence*, 224 Ga. 620 (163 SE2d 740); *Queen v. Hunnicutt*, 220 Ga. 89 (3) (137 SE2d 45).

4. While the arresting officer was on the stand the following occurred during his direct examination: "Q. So as a matter of fact it was an attempted robbery that he was being held for? A. That's right. That's right. Q. Now, while he was at Lieutenant Hill's car, did—is it customary for them to put their hands on top of the car so you can search them? A. Yes, sir. We told him to turn around, face the car and place both hands on top of the car. Q. Now, when he did that, was anything said by Officer Hill? A. Yes, sir. We noticed that he had a red stain on his hands and Lieutenant Hill said, 'Look at this blood on his hands,' and the defendant said 'No ——.'" Counsel objected on the ground that any statement made by the appellant at the time of his arrest would be inadmissable because he was not advised of his constitutional rights.

The record discloses that after the objection was made and overruled the following occurred: "Q. Will you repeat now what it was that Officer Hill said when the man had his hands upon the car? A. Lieutenant Hill noticed red stain on both of—Mr. Friedman: Wait a minute. Wait a minute. Now, I'm going to object to that. He can't testify as to what officer Hill may have—Mr. Ryan: All right. Q. Did you see anything on his hands? A. Yes, sir. I saw the red stains on his hands and Lieutenant Hill said, Look at the blood on his hands—and the defendant responded— Q. He said, Look at—— was he talking to you . . . ? A. He was talking to me. Q. All right. Now, what happened? A. The defendant responded on his own and he said, That's not blood. That's dye from my hat. Q. Was that all that was said? A. That was all that was said."

The statement by the appellant was voluntary. The State was not seeking to introduce any incriminating statement and the case of Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694, 10 ALR3d 974), is not applicable here.

5. Enumerated errors 5 to 14 inclusive will be considered together. When the State called one Mamie Biggins to testify as a witness for the State she declined to testify on the ground that she was the wife of the appellant. The State insisting she was not the wife of the appellant, the court, in order to determine whether she was competent, heard evidence on the question of whether she was the wife of the appellant.

The witness contended that she was the common law wife of the appellant. After a hearing on this question the court ruled that she was not married to the appellant, that she was competent, and required her to respond to the question propounded by the district attorney.

Errors are enumerated on (a) the ruling of the court that she was competent, (b) the court requiring her to testify, and (c) the admission in evidence of her testimony as to items of appellant's clothes and wearing apparel.

The competency of a witness is decided by the court. Code § 38-1601. Where competency of a witness depends on a question of fact, the decision by the trial judge will not be disturbed by this court if there be any evidence to support his finding. Carroll v. Barber, 119 Ga. 856 (2) (47 SE 181). The evidence supports the ruling by the court that the witness was not the common law wife of the appellant and was competent to testify. Code § 38-1604 as amended by Ga. L. 1957, p. 53.

It was not error for the judge to instruct her that if she refused to answer pertinent and relevant questions he would adjudge her in contempt of court. Code § 24-105. Plunkett v. Hamilton, 136 Ga. 72 (3) (70 SE 781, 35 LRA (NS) 583, AC 1912B 1259); Simpson v. Bradley, 189 Ga. 316 (5 SE2d 893).

The enumerated errors 5-14 inclusive are without merit.

6. The evidence, direct and circumstantial, supports the verdict.

It was not error to deny a new trial.

*Judgment affirmed. All the Justices concur.*