47166.  PETROLEUM CARRIER
CORPORATION v. BYRD.

ARGUED MAY 2, 1972—DECIDED MAY 31, 1972.

*Bouhan, Williams & Levy, James M. Thomas,* for appellant.
*Aaron L. Buchsbaum,* for appellee.

STOLZ, Judge. This is an action by the president of a cookie company against a motor common carrier for damages sustained by the plaintiff's bulk flour storage bin during its loading, caused by the defendant's alleged negligence in applying excessive air pressure in piping the flour from its vehicle into the bin, which was in turn allegedly caused by the vehicle's not being equipped with a proper pressure gauge or, if it had one, by its being either inoperative or ignored.

Evidence was adduced on the trial to the following effects: The defendant, making its (and the) second delivery to the

plaintiff's new storage facility, unloaded approximately 50,000 pounds of flour into the bin, leaving some air at the top of the bin. As the flour was loaded into the bin, the displaced air escaped through a 14-inch hole (around which a cloth filter bag had been attached) at the top of the bin. After the unloading was completed, the defendant's driver had been blowing out his lines with increased air pressure for from three to seven minutes when the bin exploded. The driver had not asked the plaintiff or his employees, prior to unloading, anything about unloading procedures and had merely wanted to know where to "hook up." The plaintiff had never given any unloading or delivery instructions to any driver previously because none had ever asked, including the defendant, when it made the first delivery to the plaintiff. The builder of this bin and the owner of the flour mill both testified that other lighter and weaker bins had held up to 60,000 pound loads, compared with the 50,000 pound load with which the plaintiff's heavier and stronger bin burst. Evidence showed that such blowing out of lines is unnecessary because the flour particles move at the same velocity as the air, which prevents flour dust from accumulating in the lines. None of the witnesses had ever heard of a driver's blowing out his lines. The damage was sustained at the top of the bin after the bottom had already been loaded, from which the jury could find that it was caused by sudden and excessive air pressure. The 14-inch hole at the top of the bin was not stopped up, but was open after the damage occurred. The plaintiff had previously loaded this bin with a 40,000 pound load with no trouble and had loaded a replacement bin of approximately the same size and strength as the damaged bin with six or seven loads averaging 40,000 to 50,000 pounds with no trouble.

"Negligence may be shown by circumstances as well as by direct testimony. If, considering all the surroundings and accompanying circumstances, an event is such 'as in the ordinary course of things would not have occurred if the defendant had used ordinary care, negligence may be presumed, and place upon the defendant the burden of explain-

ing the cause of the occurrence.'" *McCann v. Lindsey,* 109 Ga. App. 104 (135 SE2d 519) and cit. While the evidence was conflicting and might have authorized a finding of some other cause of the occurrence, "[w]here a motion for directed verdict is made, the evidence must be construed with all reasonable deductions and inferences most favorably toward the party opposing the motion" *(Boggs v. Griffeth Bros. Tire Co.,* 125 Ga. App. 304 (187 SE2d 915) and cit)., and, there being evidence sufficient to make a jury issue, it was not error to deny a motion for judgment n. o. v. or a motion for new trial on the general grounds because "after verdict the evidence is to be construed to uphold rather than to upset it, when that can reasonably be done." *Gulf Life Ins. Co. v. Wilson,* 123 Ga. App. 631 (2) (181 SE2d 914). The holding in *Young v. Blalock Hauling Co.,* 106 Ga. App. 590 (127 SE2d 689) — to the effect that there is no general duty of inspection of the storage facilities upon one delivering gasoline, hence no liability for damages caused by defects in the same in the absence of actual knowledge that a *dangerous condition exists in such facilities*—is not applicable to the present case, in which the jury could find that the damages were caused by the loading procedure used, rather than by a defective or dangerous condition in the storage facility.

The evidence authorized the verdict and the court did not err in overruling the motions for directed verdict and judgment n.o.v. or, in the alternative, for a new trial.

*Judgment affirmed. Bell, C. J., and Evans, J., concur.*