## 54881. SHORT v. RILES.

BIRDSONG, Judge.

Appellee, Terry J. Riles, was the owner of a mobile home. Riles employed the appellant to move appellee's mobile home from Cornelia to Commerce. While moving the mobile home, an accident occurred on a bridge, located at U. S. Highway 441, between the appellant and a truck owned by Lance, Inc. and driver of appellee Baker. Lance and Baker were made third-party defendants in the court below. A jury returned a verdict for the appellee, Terry J. Riles, against the appellant, W. B. Short, and verdict for the third-party defendants Baker and Lance, Inc. Appellant filed a motion for a new trial, and the trial court denied the motion.

1. Appellant has listed five enumerations of error. Enumerations of error no. 1 and 4 contend that the trial court erred in allowing, over objection, a witness to testify to matters alleged to have been opinions and conclusions without proper foundation. The witness, a state trooper, was allowed to answer certain questions relating to whether the appellee's truck (Lance, Inc.) was stopped on the bridge at the time of the collision. This witness testified that he had eight years' experience on the State Highway Patrol, had investigated approximately one thousand accidents, and had attended trooper school. The witness' answer as to whether the truck of the appellee Lance, Inc. was stopped was not objectionable. Code Ann. § 38-1710; *Harper v. Ga. S. &c. R. Co.,* 140 Ga. App. 802, 804 (6) (232 SE2d 118); *Dual S. Enterprises v. Webb,* 138 Ga. App. 810 (227 SE2d 418). Enumerations of error no. 1 and 4 present no grounds for reversal.

2. Enumeration of error no. 2 contends that the trial court erred in allowing the appellee to testify as to approximate value of certain items damaged in the collision. While the evidence given by appellee Riles may have been to some extent conjectural, it was sufficient to authorize a jury to make a fair and just estimate of the damage sustained by appellee. *Nicholson v. Williamson,* 29 Ga. App. 692 (4) (116 SE 321). This enumeration of error has no merit.

3. Enumeration of error no. 3 relates to the trial

court's allowance of appellee, Lance, Inc., to display and refer to certain specifications before the jury when the specifications had not been introduced into evidence. The objection by the appellant was as follows: "Your Honor we object to that what General Motors specifications are." Such an objection is too indefinite and vague to present an issue for consideration. *Smith v. Bank of the South,* 141 Ga. App. 114 (232 SE2d 629); *Coleman v. State,* 124 Ga. App. 313 (183 SE2d 608). This enumeration of error is without merit.

4. Enumeration of error no. 5 contends that the trial court erred in failing to grant a new trial because the verdict and judgment were contrary to law. Although the evidence was conflicting, after verdict, the evidence is to be construed to uphold rather than to upset the verdict, when that can be reasonably done. *Petroleum Carrier Corp. v. Byrd,* 126 Ga. App. 391, 393 (190 SE2d 837); *Queen v. Hunnicutt,* 220 Ga. 89 (1) (137 SE2d 45). There was no error committed by the trial court in overruling appellant's motion for new trial.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED NOVEMBER 3, 1977 — DECIDED JANUARY 4, 1978.

*Maylon K. London,* for appellant.
*Adams, Ellard & Frankum, Stephen D. Frankum, Whelchel, Dunlap & Gignilliat, James A. Dunlap, Weymon H. Forrester,* for appellee.