## 59714. FLORIDA TRACTOR CORPORATION v. MILLER et al.

SMITH, Judge.

Appellees, plaintiffs below, operated a retail farm implement business in Jeff Davis County and purchased certain farm equipment

for resale from appellant wholesaler. After appellees discovered that appellant was selling identical equipment to a competitor in the same county, they requested that appellant pick up its equipment and settle the accounts between them. This action arose from a dispute between the parties as to the amount of that settlement. From an adverse jury verdict in the amount of $8,000.00 appellants bring this appeal contending that appellees failed to present sufficient evidence to carry their burden of proof, that the verdict was contrary to law, that the trial court erred in submitting the issue of contract construction to the jury, and that the trial court erred in overruling appellant's motions for directed verdict, judgment notwithstanding the verdict and new trial. We affirm.

1. Appellees financed the purchase of the farm equipment through a "floor planning" arrangement with Borg-Warner Acceptance Corporation, not a party to this action, which had recourse against appellant in the event of appellees' default. Under this arrangement appellees made no payments on the equipment they purchased from appellant for the first six or nine months that the equipment was displayed in their yard. If the equipment remained unsold after this time, appellees could make curtailment[1] payments plus interest for up to four 90-day periods; after that time, the remaining balance would become due.

Appellee David Miller testified that he and one of appellant's salesmen had orally agreed that appellees "would be the dealers for [a particular line of] equipment in the county." He also testified that after appellees discovered that appellant was selling to a competitor in the same county, appellant's president had agreed to pick up its equipment and reimburse appellees for the amount of their curtailment payments. Appellees admitted that if the equipment were repossessed, they would not be entitled to the return of their curtailment payments; however, appellees testified that they were not in default at the time appellant picked up the equipment. Appellant contended that there was no agreement whereby appellees could recover the amount of their curtailment payments. Appellant tendered a check for $2,888.62 in full settlement; appellees contended that they were entitled to $8,346.83.

"Although the evidence was conflicting, after verdict, the evidence is to be construed to uphold rather than to upset the verdict, when that can be reasonably done." *Short v. Riles,* 144 Ga. App. 463, 464 (4) (241 SE2d 580) (1978). There was ample evidence of record to

---

[1]A curtailment payment is an equity payment, based on a percentage of the invoice price, that is credited toward the principal being financed.

support the finding of the jury. Consequently, the trial court did not err in overruling appellant's motions for directed verdict, judgment notwithstanding the verdict and new trial. *McLendon v. Reynolds Grocery Co.,* 160 Ga. 763 (6) (129 SE 65) (1925). *Horton v. City of Macon,* 144 Ga. App. 380 (2) (241 SE2d 311) (1977); *Womack v. St. Joseph's Hospital,* 131 Ga. App. 63 (2) (205 SE2d 72) (1974). Enumerations of error numbers 1, 2, 4 and 5 are without merit.

2. Appellant's third enumeration of error objects to the trial court's submitting the issue of construction of a contract to the jury. ". . .[W]e reiterate the sound and settled rule that appellate courts exist for the correction of trial error, where proper objection is taken. Accordingly, where enumerated errors on appeal attempt to raise for the first time questions not raised in the trial court, they present nothing for decision." *Bell v. State,* 144 Ga. App. 692 (1) (242 SE2d 345) (1978).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

SUBMITTED APRIL 15, 1980 — DECIDED NOVEMBER 19, 1980.

*Lamar A. Elder, Jr.,* for appellant.
*Herschel B. Herrington,* for appellees.