Dennis C. RICUPERO
vs.
SCHAIR'S FUEL SERVICE, INC.

No. 8540

District Court Department
Appellate Division, Northern District
Trial Court of the
Commonwealth of Massachusetts

February 10, 1981

Richard S. Milesky for the plaintiff.
Louis Barsky for the defendant.

Present: Cowdrey, P.J., Flynn* & Feloney, JJ.

## OPINION

COWDREY, P.J. This is an action in tort to recover for property damage allegedly caused by the defendant's negligence in delivering fuel oil.

At trial there was evidence tending to show that: On October 7, 1975 the plaintiff's wife detected an odor of oil and discovered two inches of oil on the basement floor of the plaintiff's residence. Sixty-eight gallons of oil had been delivered on this date by "Schair's Oil Company." No oil had been ordered by the plaintiff, but it was the customary practice of the oil company to deliver fuel at its discretion to keep the plaintiff's tank full. The oil spillage resulted in extensive damage to personal and real property.

The plaintiff's wife contacted one Mr. Cohen, the owner of the fuel company, who with the assistance of an employee at-

---

*The Honorable Maurice R. Flynn, Jr. participated in the hearing and post-hearing conference on this case but passed away prior to the promulgation of this Opinion.

tempted to clean the plaintiff's basement. Mr. Cohen informed the plaintiff that he had delivered oil on the date in question but "did not hear any whistle in the oil tank signal that the tank was full or almost full." Mr. Cohen informed the plaintiff that he was willing to bear the expense of any clean-up the plaintiff undertook. The plaintiffs had been dealing with Mr. Cohen for ten or eleven years.

The trial court denied the defendant's requests for rulings of law and made no findings of fact. Judgment was entered for the plaintiff in the amount of $2,911.50.

The defendant is before this Division on a charge of error in the trial court's denial of defendant's requests for rulings of law numbers one through six. Requested rulings numbers one and three[1] are dispositive of this appeal, however, and we so limit our review.

The denial of requested rulings one and three constituted error, for the evidence advanced by the plaintiff does not demonstrate a greater likelihood that the damages in question resulted from the defendant's negligence rather than from some other agency, condition or circumstance for which the defendant cannot be charged. See, in general, **Evangelio v. Metropolitan Bottling Co.,** 339 Mass. 177, 180 (1959); **Black v. Boston Con. Gas Co.,** 325 Mass. 505, 508 (1950); **Haller v. E.A. Spry & Co.,** 45 Mass. App. Dec. 23, 24. Quite simply, the plaintiff did not present the requisite quantum of proof to satisfy his evidentiary burden on the issue of causation. The defendant was thus entitled to the allowance of requested rulings one and three, **Heil v. McCann,** 360 Mass. 507, 511 (1971), and to a finding in its favor.

The report is devoid of any direct evidence of causation. Moreover, the only circumstantial evidence proferred by the plaintiff remains insufficient and inconclusive at best. Mr. Cohen's statement that he "did not hear any whistle in the oil tank signal that the tank was full or almost full" does not establish that Mr. Cohen failed to observe or ignored the signal and then negligently overfilled the plaintiff's fuel tank with resulting spillage. There is no reported evidence to indicate whether the tank was in fact filled to capacity after Cohen's delivery of 68 gallons of oil; or even whether the spillage in question resulted from an overfilling of the tank rather than from a leakage or other defect in the tank or piping connected thereto. The possibility of a defective or non-operative signal, which could explain Mr. Cohen's statement, is similarly not excluded by the reported evidence.[2]

It is well established that the mere occurrence of an accident is not evidence of negligence. **Atkins v. Martin Jordan Inc.,** 36 Mass. App. Dec. 67, 68. Where, as in the instant case, the actual cause of the accident is left to conjecture, **Gillis v. Boston Revere Beach & Lynn R.R.,** 266 Mass. 481, 482 (1929), and where the evidence tends equally to support two inconsistent propositions, recovery must be denied. **Merrit v. Utility Metal Products, Inc.,** 35 Mass. App. Dec. 12, 23 (1966); **Springfield Wall Paper & Paint Co. v. Liberatore,** 25 Mass. App. Dec. 143, 146 (1962).

The trial court's finding for the plaintiff is hereby vacated. Judgment is to enter for the defendant.

SO ORDERED.

Cowdrey, P.J.
Feloney, J.

---

[1] "1. As a matter of law the defendant is entitled to a finding.
"3. The evidence is insufficient to warrant a finding that this defendant, or any of its agents, servants or employees, was negligent, which negligence proximately caused any damage to the plaintiff."

[2] It has not been contended herin that the defendant was obligated to inspect the tank, signal, piping etc. for possible defects at the time of delivery, see, Samuel v. White Corp., 332 Mass. 264, 266 (1955); or that the defendant, as fuel supplier, may be charged with responsibility for this equipment which remained under the plaintiff's control. See, Reil v. Lowell Gas Co., 353 Mass. 120, 130 (1967).